**Box v. Box**

*Randolph T. Borden*, for plaintiff.
*Steven R. Guccini*, for defendant.

THOMSON, *J.*, January 24, 1983—Plaintiff Margaret A. Box and defendant Darryl Frances Box have both filed exceptions to the master's report in

their divorce proceedings. The sole issue considered by the master was equitable distribution.

The parties in this action were married on August 14, 1977 and then divorced on October 19, 1981. The parties resided in a home owned by Mrs. Box before the marriage. Title to this home was never put in both names. This dispute concerns the master's decision as to the distribution of the increased value of this home as well as other properties now in the possession of Mr. Box.

I. Whether the master properly excluded certain assets from equitable distribution due to the failure of Mrs. Box to file an inventory and appraisement list in a timely fashion as required by Pa.R.C.P. Rule 1920.33?

Rule 1920.33 states:

(a) Within sixty days after service of a pleading or petition containing a claim for determination and distribution of property under Section 401 of the Divorce Code, each party *shall* file an inventory and appraisement of all property owned or possessed at the time the action was commenced and all property transferred within the preceding three years. The inventory and appraisement shall set forth

(1) All marital property in which either or both have a legal or equitable interest individually or with any other person at the date of filing the complaint and the name of such other person.

(2) The date each asset was acquired, the cost, if purchased, or the value at time of acquisition if not purchased.

(3) A description of all property in which a spouse has a legal or equitable interest which is claimed to be excluded from marital property and the basis for such exclusion, and

(4) The value of each asset as of the date the action was commenced and the amount, nature and effective date of any outstanding lien and the name and address of the holder of the lien.

(b) within thirty days after the filing of the inventory and appraisement, either party may file an answer to the inventory and appraisement of the other party. (Emphasis supplied.)

Mrs. Box failed to comply with this mandatory provision of the rules of procedure. The master, therefore, limited his scope of inquiry to the increased value of the marital home as a sanction for plaintiff's noncompliance. Mrs. Box argues that this ruling by the master was incorrect in that evidence concerning other items otherwise eligible for equitable distribution was introduced without any formal objection by opposing counsel. Plaintiff now requests that we treat this acquiescence at the hearing as a Waiver of Rule 1920.33.

We hold, however, that the master was correct in not considering these other items. Rule 1920.33 is an important procedural rule that must be complied with in an equitable distribution action. The important purpose behind the rule is to put all the issues on the table before the parties and the master so as to eliminate surprise and effectuate the fairest possible distribution. We therefore believe that the master's sanction in this matter is appropriate in light of the wording of Rule 1920.33. The fact that the rule is written in mandatory terms accentuates the importance of this purpose. Mrs. Box had ample opportunity to file an inventory and appraisement statement and no excuse was offered for the failure to file in a timely fashion.

Mrs. Box has raised other issues collateral to the master's sanctions. Mrs. Box argues that since no formal objections were raised at the hearing to the

admission of testimony concerning these other items that the master should include those items in the distribution process. We hold, however, that the master was correct in his decision for the same reasons stated above.

Mrs. Box further argues that Mr. Box's inventory and appraisement statement was improper and thus the improvements to plaintiff's residence should not have been considered. Mrs. Box claims that Mr. Box's statement was defective in that it did not include the value of Mrs. Box's house when she acquired it. We hold, however, that this information concerned property that was owned by Mrs. Box and that Mr. Box could not conceivably prejudice Mrs. Box by not including this information. That information should have been supplied by Mrs. Box's statement.

II. Whether the master made a proper equitable distribution of the increase in value of Mrs. Box's house.

Mr. and Mrs. Box both take exceptions to the master's findings concerning his distribution of the increase in the value of Mrs. Box's house. The master awarded 70 percent of the increase to Mrs. Box and 30 percent to Mr. Box. The master found this increase during the time the parties were married to be $10,044. There is no dispute that the house in question is nonmarital property that was owned by Mrs. Box before the marriage.

Mr. Box first argues that the master incorrectly failed to add the increase in value during the marriage due to inflation to the total of $10,044. Defendant claims that this omission contradicts the wording of 23 Pa.C.S.A. §401(e)(3) which states that marital property is all property acquired by either party during the marriage except property

acquired by gift, bequest, devise or descent *except for the increase in value during the marriage.* (Emphasis added.)

This issue has not been resolved at the appellate level in Pennsylvania. New Jersey courts have been presented with the problem, however, and have held that increases in value of nonmarital property caused by inflation should not be marital property for distribution purposes. See Painter v. Painter, 320 A. 2d 484 (N.J. 1974) and Moe v. Moe, 370 A. 2d 509 (N.J. Super. 1977). We believe this to be a fair resolution of the issue. It would be unfair to permit Mr. Box to share in an increased figure in that the increased value to the home due to inflation had nothing to do with his efforts.

Mrs. Box raises the argument that the figure of $10,044 is not reflective of the increases in the value of the house during the marriage that occurred as a result of the parties joint efforts. The master based this particular finding on the opinions expressed by defendant's expert appraiser, Mr. Peter S. Porter. Mr. Porter arrived at the figure of $49,500 as the approximate value of the home at the time of separation in 1981. Mr. Porter then calculated that the value of the house was approximately $39,456 at the time of the marriage. Mr. Porter stripped these calculations of the influence of natural appreciation that took place during the marriage. The master subtracted the 1977 figure from the 1981 figure to arrive at $10,044. While Mr. Porter's testimony was confusing at best, we hold that the master correctly arrived at the proper figure for distribution.

Both parties take exception to the master's distribution of the $10,044 between the two parties. As mentioned above, the master awarded 70 percent of the total to Mrs. Box and 30 percent to Mr. Box.

The parties argue that this finding is contrary to the facts as applied to Section 401(d) of the new Divorce Code.

Mrs. Box claims that she is entitled to more than 70 percent of the marital property because her contributions far exceeded those of defendant. Mrs. Box makes her argument under Section 401(d)(7) which considers:

"The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker."

The basis of Mrs. Box's claim under this section is that her financial contributions to this abbreviated marriage far exceeded those of Mr. Box. Mrs. Box further notes that she acted as homemaker during the marital relationship. There is no dispute that Mrs. Box contributed far more money at the start of the relationship and earned almost five times more than Mr. Box during the marriage. Mrs. Box then argues that Section 401(d)(10) applies. That section considers: "The economic circumstances of each party at the time the division of property is to become effective."

Mrs. Box turns around and argues that since she voluntarily quit her position as a full-time teacher, her economic circumstances have changed drastically. She further argues that Mr. Box is now gainfully employed and earns approximately $20,000 a year. Mrs. Box claims the master did not apply the proper emphasis to this sudden change of events.

Mr. Box alternatively argues that his contributions to the appreciation of the value of the house were not emphasized to the proper degree by the master. The basis of Mr. Box's claim is that his efforts were primarily responsible for the increase

in value of the house. We held that the testimony does establish that Mr. Box's efforts in improving the house substantially added to its value.

The master did not have any simple mathematical formulas to arrive at a perfect distribution of the money. Instead, the master was instructed to divide the property "in such proportions as the court deems just after considering all relevant factors . . ." Section 401(d). We believe the master's decision adequately reflected all of the relevant factors set forth in the new code that were applicable to this case. The percentage figures reflect both the efforts of Mr. Box and the financial contributions of Mrs. Box. The percentage figure also adequately reflects Mrs. Box's present financial situation. The master here was confronted with a variety of conflicting factors in making his decision. We hold that his decision was just and fair under the rather vague confines of Section 401(d).

### ORDER

And now, January 24, 1983, plaintiff's and defendant's exceptions to the master's report are hereby denied.