## Otteni v. Otteni

*Paige E. Peasley,* for plaintiff.
*Roy Otteni,* pro se.

JOYCE, *J.,* March 26, 1987 — This matter comes before the court on plaintiff's motion for special relief wherein plaintiff requests that defendant's testimony regarding the valuation of marital property offered at a master's hearing be stricken from the record and disregarded by the master, due to defendant's refusal to provide the financial information required under the Pennsylvania Rules of Civil Procedure.

The issues of discovery and the sanctions which may be imposed by the court upon parties who fail

to comply with the rules of discovery are of primary importance in the area of family law. All too often one party in a divorce action either deliberately or negligently fails to file the financial information necessary to resolve the economic claims associated with the divorce, resulting in frustrating delays and the unnecessary accumulation of counsel fees and costs.

In the instant action, plaintiff filed a complaint in divorce on November 16, 1984, which was properly served upon defendant. The record indicates that during the ensuing seven months plaintiff submitted by letter several proposed settlement agreements, but they were never acknowledged by defendant.

In March 1986, plaintiff filed a motion for special relief seeking exclusive possession of the marital residence in which defendant was living. At the conclusion of the hearing, the court found that defendant's long-term abuse of alcohol had resulted in loss of employment, the accumulation of debts, and a general inability to financially or physically maintain the marital home. In the interest of preserving the marital assets, the court granted plaintiff's request for relief. The court also advised the parties to make every effort to secure a separation and property settlement agreement.

In June 1986, plaintiff filed the inventory and appraisement and income and expense statements pursuant to Pa.R.C.P. 1920.31 and 1920.33 and defendant was served with those documents. Defendant did not file an answer to plaintiff's statements nor did he file any objection to their content. Plaintiff then notified defendant of the intent to present a motion to appoint a master regardless of whether defendant supplied his financial information. Upon consideration of said motion, the court appointed a

master to consider the issues of divorce and the related claims of equitable distribution, counsel fees and costs. The court further ordered defendant to file the inventory and appraisement list with the court within 10 days or risk contempt-of-court charges. Defendant did not comply with the court's direction and the record does not reflect contempt-of-court proceedings.

Defendant appeared at the master's hearing without benefit of counsel and for the first time challenged plaintiff's appraisal of the marital residence and business property. Plaintiff objected to defendant's testimony claiming that it would be fundamentally unfair to consider defendant's valuation testimony when throughout the proceedings defendant ignored all plaintiff's attempts to reach a settlement and further disregarded a court order to submit his financial records.

Although the master permitted defendant to complete his testimony, he reserved his findings and recommendations until such time as the court rendered a decision regarding the admissibility of defendant's testimony.

One of the stated purposes of the Pennsylvania Divorce Code is to effectuate economic justice between parties who are separated or divorced. 23 P.S. §102(a)(b). In furtherance of that purpose, the court must determine a fair and just settlement of property rights which cannot be accomplished unless the court is apprised of the assets and liabilities of both parties. Therein lies the reason why the inventory and appraisement filing requirements of rule 1920.33 are mandatory and are not subject to waiver by either party. *Box v. Box,* 25 D.&C.3d 219 (1983).

Rule 1920.33 provides in part:

"Within 60 days after service of a pleading or peti-

tion containing a claim for determination and distribution of property under section 401 of the Divorce Code, each party *shall file* an inventory and appraisement of all property owned or possessed at the time the action was commenced and all property transferred within the preceding three years." (emphasis added).

The rule also authorizes the court to impose sanctions upon any non-complying party in accordance with rule 4019. (Pa.R.C.P. 1920.33(c)). The rule governing sanctions provides in pertinent part:

"(c) The court, when acting under subdivision (a) of this rule, may make

"(1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

"(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

"(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under rule 4010;

"(5) such order with regard to the failure to make discovery as is just."

The court has been granted considerable latitude regarding the imposition of penalties for failure to obey an order respecting discovery and plaintiff's request that the court direct the master to disregard defendant's testimony is well within the realm of sanctions. *Marshall v. Southeastern Pennsylvania Transport Authority et al.*, 76 Pa. Commw. 205, 463 A.2d 1215 (1983); *Robinson v. Armstrong*, 33 D.&C.3d 397 (1984).

In reaching a decision in this matter, the court attempts to reconcile an interest in preserving the integrity of its court orders with an interest in protecting the property interests of the parties.

For better than two years, defendant ignored plaintiff's attempts to reach a property settlement agreement. He apparently chose not to heed the court's suggestion to pursue such a settlement. Further, defendant refused to comply with an order mandating the filing of his inventory and appraisement data. Defendant then appeared at the master's hearing without representation and offered his personal opinions as to the valuation of two marital assets which comprise the lion's share of the marital estate. Given defendant's history of inaction, his testimony was not anticipated and plaintiff was placed at the disadvantage of being unprepared to rebut defendant's asserted values. Defendant's course of conduct has sufficiently delayed the distribution of marital property and consequently tied plaintiff to a broken relationship.

Plaintiff's request that defendant's testimony be disregarded by the master is not unreasonable, but we will not grant plaintiff's motion in this instance. By virtue of the court's order of June 26, 1986, defendant was given notice that if he did not submit his financial information as ordered, he risked contempt-of-court proceedings. With limited inquiries,

he would have been aware that a finding of contempt may result in incarceration and/or the imposition of fines. It is unclear to the court why plaintiff did not request enforcement of the order. In view of defendant's alcoholism, incarceration or fines may not have achieved the desired result of compliance. In any event, defendant was not on notice that if he failed to comply with the order, the court would preclude him from offering any testimony at the master's hearing. For this reason alone, the master is directed to accept defendant's statements and determine the more credible appraisals based upon the evidence before him. We will, however, not permit defendant to introduce additional documents or testimony concerning the valuation of the marital assets.

For future reference, whenever counsel is confronted with a party who will not comply with the discovery rules applicable to divorce actions, the court would encourage counsel to present a motion compelling compliance, or in the alternative, bar the noncomplying party from presenting evidence or testimony in support of or in opposition to existing claims for the distribution of marital property.

## ORDER

And now, this March 26, 1987, for the reasons set forth in the foregoing opinion, plaintiff's motion for special relief is hereby denied.