Yvonne **WILEY**, Appellant,

v.

**May E. SNEDAKER and John
Snedaker, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 26, 2000.
Filed Dec. 29, 2000.

Daniel C. Barrish, Abington, for appellant.

Bruce S. Pancio, Willow Grove, for appellees.

Before DEL SOLE, JOHNSON and BECK, JJ.

DEL SOLE, J.:

¶ 1 This is an appeal following the entry of an order refusing to remove a nonsuit. The nonsuit was entered after the court entered a ruling prohibiting Appellant from introducing a deposition transcript of a defense medical expert during her case-in-chief. We reverse.

¶ 2 Appellant filed a suit to recover personal injury damages she claimed she sustained in an automobile accident. The matter went to arbitration where Appellant was awarded $2,750 against Appellees. Appellant appealed. Immediately prior to trial, Appellees filed a motion in limine seeking to preclude Appellant from reading portions of Dr. Snyder's deposition transcript into evidence during her case-in-chief. Dr. Snyder was retained by Appellees as a defense expert and his deposition was taken a month before trial. Appellant, who was unprepared to call her own medical expert, sought to offer Dr. Snyder's testimony as evidence to prove causation. The trial court granted Appellees' motion prohibiting the introduction of this evidence. Appellant conceded that she could not prevail absent this testimony and the court entered a nonsuit in Appellees' favor. After the court denied a post-trial motion to remove the nonsuit, Appellant took this appeal.

¶ 3 Appellant challenges each of the reasons provided by the trial court for ruling that the deposition testimony could not be used by her to prove her case. Although we remain mindful that the admission or exclusion of evidence is within the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion or error of law, *Catina v. Maree*, 272 Pa.Super. 247, 415 A.2d 413 (1979), we nevertheless conclude that the reasons

provided by the court are not sound and a reversal is warranted.

■ ¶ 4 The trial court initially properly recognized that Pa.R.C.P 4020(a)(5) covers the admissibility of deposition testimony of a medical witness. It provides:

> (a) At the trial, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had notice thereof if required, in accordance with any one of the following provisions:
>
> . . .
>
> (5) A deposition upon oral examination of a medical witness, other than a party, may be used at trial for any purpose whether or not the witness is available to testify.

Pa.R.C.P. 4020(a)(5). However, the court referenced *Pascone v. Thomas Jefferson University*, 357 Pa.Super. 524, 516 A.2d 384 (1986) in concluding that this deposition testimony was inadmissible because it was "irrelevant, misleading and asked hypothetical questions which were based upon improper assumptions." Trial Court Opinion 6/20/00, at 3. While the *Pascone* court did reference Rule 4020(a)(5) in upholding a trial court ruling which prohibited the plaintiff from using a portion of the defendant's expert's videotaped deposition, the trial court failed to recognize the different procedural posture in the two cases. In *Pascone* the case had gone to trial and the parties had presented their cases when the plaintiffs sought, on rebuttal, to admit portions of the doctor's testimony. The court held that the plaintiffs failed to prove many of the assumed facts underlying the hypothetical questions asked of the doctor. The trial court in this case likewise concluded that the offered testimony was irrelevant and based upon an improper foundation, however this ruling was premature. This case had not yet gone to trial at the time of the court's ruling and Appellant had no opportunity to present evidence in support of her hypothetical. Thus, it was improper for the court to make its decision on this basis.

¶ 5 The trial court also held that its decision was "further supported by the well-established principle that an expert cannot be forced to give an opinion against his will." Trial Court Opinion at 4. However, this is not a situation where one party seeks to depose another's witness and obtain opinion evidence. Rather, the defendants made this witness available. The witness freely testified and his testimony became available for either party. The *Pascone* court dismissed a similar argument. Therein the trial court offered three reasons in support of its decision, the third one being that to permit the plaintiffs to use the deposition testimony would be forcing the expert to testify against his will. This court rejected this reasoning and stated:

> We are unable to agree with the third reason advanced by the court for refusing to allow plaintiffs the use of Dr. Smith's deposition. Although Dr. Smith may have believed that he was giving testimony as a defense witness, the record discloses that he was fully aware that he was giving testimony via deposition for use at trial and that all or part of his testimony could be used for that purpose.

*Pascone*, 516 A.2d at 386. We likewise find no support for the trial court's conclusion that allowing this testimony would be tantamount to forcing an expert witnesses to provide an opinion in favor of another party.

■ ¶ 6 Finally, in a footnote the trial court provides an alternative basis for it ruling. It writes:

> An additional ground for precluding the testimony is that Plaintiff failed to list Dr. Snyder as a potential witness and did not list the deposition transcript as a potential exhibit in her Pre Trial Statement. *See* Pa.R.C.P. 212.2(c)(1).

Trial Court Opinion, 6/20/00, at n. 4. The purpose of a pre-trial statement is to pre-

vent surprise. In this instance the testimony of this witness was obtained at the defendant's direction, under oath, with both sides present. Appellee simply cannot claim surprise and the purpose of Rule 212.2(c)(1) is not thwarted by the admission of this testimony.

¶ 7 Accordingly, we find the trial court abused its discretion in failing to allow Appellant to offer this deposition testimony.

¶ 8 Order prohibiting the introduction of the deposition transcript is reversed. Order granting nonsuit reversed. Case remanded. Jurisdiction relinquished.