Joy D. ANDERSON, Appellant,

v.

Kenneth L. ANDERSON, Appellee.

Joy D. Anderson, Appellee,

v.

Kenneth L. Anderson, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 9, 2002.

Filed April 17, 2003.

Steven Howell, New Cumberland, for Joy Anderson.

Jarad W. Handelman, Hershey, for Kenneth Anderson.

BEFORE: TODD, BOWES and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 The parties have filed cross-appeals from the March 7, 2001 Decree dissolving the parties' marriage and adopting the divorce master's report and recommendations with one exception regarding equitable distribution.

¶ 2 On April 16, 1999, wife, Joy Anderson, filed a complaint in divorce alleging, pursuant to 23 Pa.C.S.A. § 3301, **Grounds for divorce**, the parties' marriage was irretrievably broken.[1] The case was presented to a master and, upon review of the evidence presented by the parties, the following equitable distribution recommendations were made:

### Distribution of Marital Property

**To Husband:**

| | |
|---|---|
| A residence in Harrisburg, Pennsylvania | $112,500 |
| One-half interest in Stone Harbor Property | $175,000 |
| 1997 Pontiac Bonneville | $ 14,000 |
| 1988 Regal Boat | $ 23,500 |
| Pension | $ 90,878 |
| Any personal property in Husband's possession | |
| | |
| Less Obligations/Debts: | ($244,162) |
| Subtotal: | $171,716 |
| | |
| Less Cash Payment to Wife to equalize distribution: | ($ 41,412) |
| **NET TOTAL:** | $130,304 |

**To Wife:**

| | |
|---|---|
| A residence in Enhaut, Pennsylvania | $ 74,500 |
| 1986 Ford Bronco | $ 1,255 |
| Retirement System Pension | $ 69,402 |
| Deferred Compensation Program | $ 3,465 |
| Any personal property in Wife's possession plus the list attached hereto | |
| | |
| Less Obligations/Debts: | ($ 59,730) |
| Subtotal: | $ 88,892 |
| | |
| Plus Cash Payment by H to equalize distribution: | $ 41,412 |
| **NET TOTAL:** | $130,304 |

### Alimony

Husband to pay alimony to Wife in the amount of $109.62 per week for a period of five (5) years.

*See* Master's Report, 3/13/00.

¶ 3 Both parties filed exceptions to the master's report and recommendations. Following deliberation, on December 29, 2000, the trial court entered an Order reducing the cash payment from husband to wife by $30,000. Order of Court, 12/29/00. In issuing the Order, the court cited the

---

1. The parties were married in June 1983 and separated in April 1999.

evidence wife's pre-marital antiques appreciated in value in the amount of $30,000 during the course of the marriage and that this increase in value was subject to equitable distribution. On March 7, 2001, the trial court adopted the master's report with the exception of the above-described adjustment and issued a final Decree dissolving the parties' marriage. This appeal followed.

¶ 4 On appeal, wife asserts the trial court abused its discretion when it erroneously found certain pre-marital assets in her possession appreciated in value in the amount of $30,000 during the marriage. Thereby, wife contends, it erroneously reduced the amount of the cash payment the master recommended husband pay wife to equalize the distribution of the marital property. *See* Appellant's brief at 4.

¶ 5 In his cross-appeal, husband alleges the trial court abused its discretion by adopting the allegedly factually deficient report of the master, which proposed an unjustifiable alimony award to wife and recommended, in wife's favor, an *in*-equitable distribution of the marital estate and obligations. *See* Cross–Appellant's brief at 4.

> Our review of an equitable distribution order is limited as such awards are within the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion. An abuse of discretion will be found by this Court only if the trial court failed to follow proper legal procedures or misapplied the law.

*Fishman v. Fishman,* 805 A.2d 576, 578 (Pa.Super.2002) (internal quotations and citations omitted.)

¶ 6 Wife alleges the trial court should have adopted all of the master's recommendations including the cash payment from husband to wife to equalize the distribution. Wife argues the trial court's deci-

sion to amend the master's recommendation constitutes an abuse of discretion. Specifically, she claims the parties' agreement was to privately devise a scheme to distribute any personal property, husband failed to follow proper legal procedures and there was an absence of competent evidence in support of the master's valuation of the antiques in dispute. Upon review of the record, we find wife's arguments unpersuasive.

¶ 7 In finding wife should be credited with an additional $30,000 of the marital estate based on her possession of certain antiques, the trial court determined there was no binding agreement between the parties with respect to the antiques. Upon independent review of the record including the master's hearing held on January 28, 2000, we find the court's decision was reasonably based on the record. The trial court reasonably could have concluded that any agreement between the parties pertained to only "non-antique [personal] items." *See* N.T., 1/28/00, at 177.

¶ 8 Further, wife proffered uncontested testimony regarding the fair market value of the antiques as of September of 1979 and as of December 1998 (*id.* at 78–81). In light of wife's own testimony regarding the value of the antiques, the court had sufficient information upon which to make its ruling and there was no need for expert testimony. Wife testified the antiques were valued at $10,000 in September 1979 and valued at $40,000 in December 1998, approximately thirteen (13) months before the master's hearing (*id.*). Although the duration of the parties' marriage, i.e. 1983–2001, does not coincide precisely with the above time frame, i.e. 1979–1998, there is an overlap of approximately sixteen (16) years between the two time periods. Accordingly, we find the

court acted reasonably in concluding that the increase in the value of the antiques occurred during the course of the marriage. Moreover, in light of the fact that the appreciation in value of the antiques reasonably was deducible from wife's testimony, we find no abuse of discretion with respect to the value assigned the antiques.

¶ 9 The dissent would adopt wife's position by finding the trial court abused its discretion by overruling the master. For the following reasons, we disagree.

¶ 10 The introduction to the Divorce Code of 1980, amended 1990, 23 Pa.C.S. § 3102, **Legislative findings and intent**, is the guiding principle for determination of the issues involving divorce and distribution of marital property. Section 3102 provides:

(a) **Policy.**—The family is the basis unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is the policy of the Commonwealth to:

\* \* \*

6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to actual need and ability to pay of the parties *and insure a fair and just determination and settlement of their property rights.*

*Id.* (Emphasis added).

¶ 11 The legislation concerning equitable distribution is as follows:

§ **3502. Equitable Distribution of Marital Property**

(a) **General Rule.**—In an action for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties ... *in such proportions and*

*in such manner as the court deems just after considering all relevant factors....*

23 Pa.C.S.A. § 3502(a) (Emphasis added).

¶ 12 In making such distribution the court must not presume a 50/50 distribution but must consider all relevant factors contained in section 3502(a). *Powell v. Powell,* 395 Pa.Super. 345, 577 A.2d 576 (Pa.Super.1990); *Fratangelo v. Fratangelo,* 360 Pa.Super. 487, 520 A.2d 1195 (1987). In *Smith v. Smith,* 439 Pa.Super. 283, 653 A.2d 1259, 1265 (1995), *appeal denied,* 541 Pa. 641, 663 A.2d 693 (1995), this Court stated the relevant principle concerning increase in value (appreciation) of nonmarital property. The Smith Court concluded, "the increase in value of Wife's stocks which she received prior to marriage is also marital property subject to equitable distribution." In relevant part, marital property is defined in the Divorce Code, § 3501, **Definitions**, as, "all property acquired by either party during the marriage, *including the increase in value,* prior to the date of final separation, of any nonmarital property acquired pursuant to paragraphs (1) ... (1) Property acquired prior to marriage or property acquired in exchange for property acquired prior to marriage." 23 Pa.C.S.A. § 3501(a)(1) (emphasis added). Clearly, this definition includes the appreciation of the antiques in question.

¶ 13 While Pa.R.C.P. 1920.33, **Joinder of Related Claims. Distribution of Property. Enforcement** (b)(1) requires *each* party to file and serve on the appropriate party a pre-trial statement regarding assets of the marriage and pertinent information thereto (within 60 days of the master or court hearing), failing to do so (d)(1) *except for good cause shown,* shall bar a party from introducing any evidence in support or in opposition to claims for the matters not covered.

¶ 14 It is clear that the rule implicates a filing and inventory of *all marital property by both parties*, and while literal application of the rule would give wife alone relief from the requirements of disclosure of property subject to equitable distribution, it imposes no penalty on the wife *who likewise* failed to disclose the property in question along with its increase in value. Under these circumstances and as a matter of first impression, to be even-handed in the application of Rule 1920.33, we must construe the rule to mean that when there is a requirement of disclosure as to property, presumably part of the marital corpus, failure *of both* parties to disclose can only be attributed to the lack of knowledge or an unawareness of the true nature of the property, which is a sufficient basis for finding good cause shown. In this case we hold that the wife had an affirmative duty to disclose, and her failure to do so, *for whatever reason*, nullified the effect of Rule 1920.33. The master made no findings in this regard and excluded the increased value of the antiques in the proposed distribution, but the result of not making an equitable distribution of the property in question was considered to be an injustice upon review by the trial court.

¶ 15 As the possession and increased value only became evident at the master's hearing, and the master permitted testimony as to its character as marital property, despite the failure to include it in the inventory by either party, no cogent reason exists for failure to include that value in considering *equitable distribution*. The rules were intended to provide an even playing field for both parties in the marital and economic dissolution of the marriage. The rules should not and must not be used to play a game of "gotcha." Since there is no reprieve for the party who is pilloried unfairly by stringent application of the rule, (as in collateral review in criminal proceedings) the intent and policy of the Divorce Code to eliminate the abominations of the prior divorce codes, which were outrageously unfair in distribution of marital property, is defeated by the interpretation suggested by the dissent and, as properly determined by the trial judge, creates an injustice.

¶ 16 In applying the rules and ordering distribution, section 3506, **Statement of reasons for distribution**, requires the court to provide a statement of reasons for the order of distribution entered. The learned trial judge, Honorable Scott Evans, highly experienced in the trial of these matters, after reviewing the master's hearing containing reasonably competent evidence on both sides as to the after-acquired value of wife's antiques, quickly spotted the error by the master in failing to direct an equitable distribution of the increased value of the antiques. Judge Evans, therefore, adjusted the Decree accordingly. This is in the best tradition of the enlightened equitable distribution legislation and comports with section 3102, (a) **Policy**, as stated above.

¶ 17 Although the court did not abuse its discretion, we have found a mathematical error with respect to the calculation of the amount of reduction in cash payment. In its final Decree, the court reduced husband's cash payment to wife by $30,000 (from $41,412 to $11,412) but adopted the master's report in all other regards. *See* Decree in Divorce, 3/7/01. In so doing, the court accepted the master's recommendation that the marital estate be divided equally. *Id.* Pursuant to the current distribution of marital property, husband has $171,716 in marital assets and wife has $88,892 plus the $30,000 appreciation assigned to the antiques, for a total of $118,892. The difference between husband's and wife's assets, therefore, is

$52,824. To effectuate the court's plan to divide the marital property equally between the parties and thus effectuate economic justice, the cash payment from husband to wife should be half of $52,824, or $26,412. Each party then will have marital assets totaling $145,304. Accordingly, we vacate this part of the Decree and direct husband to pay wife $26,412.[2]

¶ 18 On cross-appeal, husband argues the master erred in rejecting his proposed valuation of certain marital assets and his claim of a substantial marital debt owed to husband's parents, which led to an *inequitable* distribution of the marital property and debts and an unjustified alimony award to wife. Husband argues that the court abused its discretion by adopting such a factually flawed report by the master.

¶ 19 We find husband's arguments unpersuasive for the following reasons. At the outset, we note, "in determining issues of credibility the master's findings must be given the fullest consideration for it was the Master who observed and heard the testimony and demeanor of various witnesses." *Schuback v. Schuback*, 412 Pa.Super. 233, 603 A.2d 194, 196 (1992).

¶ 20 First, with regard to the value of a 1988 Regal boat, our review of the record indicates, in devising an equitable distribution scheme, the master correctly valued the boat as advocated by husband at $23,500 (Master's Report, 3/13/00, at p. 7, ¶ 37, p. 10–11). Next, with regards to the alleged marital debt to husband's parents and husband's earning capacity, the master, as the fact-finder, determined the alleged debt had not been proven with "reasonable certainty." The record failed to establish documentation of the debt, any history of repayment or other evidence of the debt's existence (*id.* at 12). The master also rejected husband's claim of diminished earning capacity due to his medical conditions because husband failed to provide any medical evidence in support of his argument (*id.* at 13). As the evidence supports the trial court's decision to adopt the master's findings with respect to earning capacity and the alleged outstanding debt to husband's parents, we find no merit to husband's challenge.

¶ 21 In addition, husband argues a disproportionate share of the marital debt was allocated to him under the approved distribution scheme. We find this argument lacks merit. Initially, as noted, the court did not abuse its discretion in adopting the master's findings. Secondly, husband received a disproportionately greater share of the marital assets; therefore, to effectuate economic justice, i.e. to equally distribute the marital assets, husband also had to assume a disproportionate share of the marital debt *to offset* his disproportionate share of the marital estate. Accordingly, contrary to his assertion, in the aggregate, husband was awarded with a fair share of the marital assets.

¶ 22 Finally, with respect to husband's challenge to the award of alimony, we note the standard of review with regard to the issue of alimony.

In determining whether alimony is necessary, and in determining the nature, amount, duration and manner of payment of alimony, the court must consider numerous factors including the parties' earnings and earning capacities, income sources, mental and physical conditions, contributions to the earning power of the other, educations, standard of living during the marriage, the

---

**2.** The division of the property in this manner fairly distributes the $30,000 appreciation value of the antiques equally between the parties, i.e. $15,000 to each.

contribution of a spouse as homemaker and the duration of the marriage.

*Edelstein v. Edelstein,* 399 Pa.Super. 536, 582 A.2d 1074, 1076 (1990); 23 Pa.C.S.A. § 3701, **Alimony.**

¶ 23 It was the master's recommendation husband pay alimony in the amount of $109.62 per week for a period of five (5) years. In doing so, the master noted husband's earning capacity is far superior to wife's, in addition to the fact that husband stands to inherit a vacation home from his parents. *See* Master's Report, 3/13/00, at 12–13. In adopting the recommendation, it is clear the trial court found this award consistent with the purpose of alimony, which is to "effectuate economic justice between the parties." *See* 23 Pa.C.S.A. 3102(a)(6), **Legislative findings and intent.** Given the amount and duration of the award in these circumstances, we cannot conclude the court abused its discretion.

¶ 24 Based upon the foregoing, the Decree is affirmed in part, vacated in part and remanded for correction of the mathematical error made in calculating the amount of the cash payment from husband to wife. To effectuate the economic distribution intended by the court, husband is directed to pay wife a total of $26,412 rather than $11,412 as ordered by the court on December 29, 2000.

¶ 25 Decree affirmed in part and vacated in part. Case remanded for proceedings consistent with this Opinion.

¶ 26 Jurisdiction relinquished.

¶ 27 Judge BOWES files a Dissenting Opinion.

DISSENTING OPINION BY BOWES, J.:

¶ 1 Contrary to the majority, I believe the trial court's decision to recalculate the special master's recommended equitable distribution by including the appreciated value of Wife's premarital antiques was an abuse of discretion. There is no doubt that the appreciation of premarital property during the marriage is considered marital property for the purposes of calculating an equitable distribution order. *Smith v. Smith,* 439 Pa.Super. 283, 653 A.2d 1259 (1995) (marital property includes increase in value of non-marital property during marriage); 23 Pa.C.S. § 3501. However, I agree with Wife's contention that the special master properly disregarded the appreciated value of the antiques because Husband was barred, pursuant to Pa. R.C.P. 1920.33(d)(1), from introducing evidence regarding the antiques at the master's hearing.

¶ 2 Rule 1920.33 provides, in pertinent part as follows:

**Rule 1920.33. Joinder of Related Claims. Distribution of Property. Enforcement**

. . . .

(b) Within the time required by order of court or written directive of the master or, if none, at least sixty days before the scheduled hearing on the claim for the determination and distribution of property, each party shall file and serve upon the other party a pre-trial statement. The pre-trial statement shall include the following matters, together with any additional information required by special order of the court:

(1) a list of assets, which may be in chart form, specifying

(i) the marital assets, their value, the date of the valuation, whether any portion of the value is non-marital, and any liens or encumbrances thereon, and

(ii) the non-marital assets, their value, the date of the valuation, and any liens or encumbrances thereon;

. . . .

(d)(1) A party who fails to comply with a requirement of subdivision (b) of this rule shall, except upon good cause shown, be barred from offering any testimony or introducing any evidence in support of or in opposition to claims for the matters not covered therein.

Pa.R.C.P. 1920.33. Thus, where a party fails to disclose items in his pretrial statement, the rule bars the admission of evidence in support of or in opposition to the undisclosed items unless there is good cause for the failure.[3] The apparent rationale underlying the rule is to alert the parties to all the possible issues, to eliminate surprise, and to allow the master to effectuate the fairest possible distribution. *See Box v. Box,* 25 Pa. D. & C.3d 219 (1983).

¶ 3 Wife's argument concerns the following facts. After Wife filed the divorce complaint, Husband filed an inventory of property pursuant to Pa.R.C.P. 1920.33(a). The inventory purported to list all property owned or possessed by either party as of the date Wife filed the divorce complaint; however, the inventory did not include Wife's antiques or the value of their appreciation. Thereafter, on January 4, 2000, Husband filed a pretrial statement that did not disclose the antiques or their appreciation as required by Pa.R.C.P. 1920.33(d)(1). Instead, Husband merely referred the court to the inventory he filed previously.

¶ 4 During the Master's hearing, Husband attempted to establish that wife's antiques appreciated in value by $30,000 over the course of the marriage. Under the guise of cross-examination, Husband sought to introduce a 1979 document wherein an expert appraised the antiques

at $10,000. Following Wife's objection, the master barred the actual appraisal document from evidence but allowed testimony concerning the substance of the appraisal. Wife confirmed that the antiques were appraised at $10,000 in 1979, nearly four years prior to the marriage. Later, Husband again attempted to demonstrate the value of appreciation by introducing a 1998 loan application wherein the parties estimated the value of the antiques to be $40,000. This valuation was based upon unconfirmed speculation where the parties obviously had an interest in inflating the value on the loan application. The master did not expressly declare that this aspect of Husband's claim was barred by Rule 1920.33. Instead, the master's recommendation simply omitted the $30,000 appreciation from the equitable distribution calculation.

¶ 5 Considering the rule's underlying rationale, I cannot agree with the majority's conclusion that as a matter of fairness Rule 1920.33 should be nullified under the facts of this case. Instead, I would find that irrespective of Wife's omission, Husband, as the party seeking the benefit of the antiques' appreciation, was required under the rule to give notice that his claim sought to establish the antiques' appreciated value.

¶ 6 There is a dearth of precedent regarding this issue. However, Wife referred this Court to several cases from the various courts of common pleas that support her position. Those cases consistently have held that Rule 1920.33 bars the introduction of evidence of matters that are not disclosed in the pretrial statement. *See, e.g., Otteni v. Otteni,* 45 Pa. D. & C.3d 40 (1987) (party may testify about the val-

3. Husband does not raise any allegations of good cause for his failure to comply with Rule 1920.33(b).

ue of marital assets but can not introduce evidence of valuation where the party has failed to comply with Pa.R.C.P. 1920.33); *Box, supra* (Rule 1920.33 filing requirements are mandatory and cannot be waived); *Falasco v. Falasco,* 14 Pa. D. & C.4th 123 (1992) (where a party fails to comply with Rule 1920.33, she will be precluded from entering evidence regarding the value of property and from contradicting other party's evidence).

¶ 7 Herein, Husband surprised Wife during the master's hearing with repeated attempts to introduce evidence supporting a claim he failed to disclose, without good cause, in his pretrial statement. Since this aspect of Husband's claim was not disclosed until cross-examination, the attempted valuation denied Wife the opportunity to prepare for the claim, much less present expert testimony to rebut Husband's assertion. This inequity was exacerbated by the trial court's reliance on the questionable method husband employed to evaluate the antiques, and the subjective valuation reflected in the loan application.

¶ 8 Conceding that the parities estimated the antiques' value at $40,000 on the 1998 loan application, and notwithstanding their interest in inflating the antiques' worth therein, the valuation is unreliable because neither party is a qualified appraiser. If husband had properly listed the antiques on his pretrial statement, the parties either could have stipulated to their value or disputed their value and procured a professional appraiser. Moreover, an appraiser likely would have been able to determine the value of the antiques as of the date of the marriage, thereby alleviating the trial court's need to assume that *de minimis* appreciation occurred during the nearly four-year period between the 1979 appraisal and the parties' marriage in 1983.

¶ 9 I believe that Husband was barred from raising the appreciation claim at the hearing, and the master properly omitted the antiques' appreciated value from the equitable distribution. Therefore, I would find that the trial court abused its discretion in disregarding the master's determination and including the amount in its calculation. Implicitly, the trial court accepted, and the majority affirms, Husband's calculated ambush regarding a claim that neither party gave notice was in dispute. As I conclude that Husband's tactics run contrary to the letter of the law, I must dissent. *See Wiley v. Snedaker,* 765 A.2d 816 (Pa.Super.2000) (discussing Pa.R.C.P. 212.2, purpose of pretrial statement is to prevent surprise).