J-S22013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| KAREN R. SHAFFER-TREGO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK A. TREGO | : | |
| | : | |
| Appellant | : | No. 1073 MDA 2019 |

Appeal from the Order Dated May 8, 2019
In the Court of Common Pleas of York County Civil Division at No(s):
2014-FC-001468-02

| KAREN R. SHAFFER-TREGO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK A. TREGO | : | No. 1074 MDA 2019 |

Appeal from the Order Dated May 8, 2019
In the Court of Common Pleas of York County Civil Division at No(s):
2014-FC-001468-02

| KAREN R. SHAFFER-TREGO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK A. TREGO | : | No. 1075 MDA 2019 |

Appeal from the Order Dated May 8, 2019
In the Court of Common Pleas of York County Civil Division at No(s):
2014-FC-001468-15

| KAREN R. SHAFFER-TREGO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

                                        :
            v.                          :
                                        :
                                        :
                                        :
    FREDERICK A. TREGO                  :
                                        :
            Appellant                   :       No. 1490 MDA 2019

Appeal from the Order Dated May 8, 2019
In the Court of Common Pleas of York County Civil Division at No(s):
2014-FC-001468-15

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                          **FILED JULY 28, 2020**

In these consolidated cross-appeals, Karen R. Shaffer-Trego (Wife) and

Fredrick A. Trego (Husband) challenge the equitable distribution of a marital

estate in divorce proceedings between the parties, together with the award of

alimony to Wife.  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as

follows.  Husband and Wife were married on May 23, 1992.  The parties

separated on January 1, 2013.  Husband continued to live in the marital

residence with Wife and their three children.  In May 2013, Husband moved

into one of three properties owned by the parties after making home

improvements.  After failed attempts at reconciliation, Wife filed for child

support on June 24, 2014[1] and for divorce on August 11, 2014.  The trial court

appointed a Divorce Master on January 6, 2015.  The Divorce Master held

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] All of the children have now reached the age of majority.  Accordingly, child
support is not currently at issue.

three discovery conferences before retiring. The trial court appointed a replacement Divorce Master on July 30, 2015. After a four-day hearing in September 2016, the Divorce Master filed a report and recommendation on January 13, 2017. Both parties filed exceptions and briefs in support. The trial court scheduled a hearing on the parties' exceptions for June 9, 2017. The trial court granted requested continuances to allow additional fact-finding and, ultimately, held a hearing on November 27, 2017. In an order and opinion dated March 6, 2019, the trial court granted some of the parties' cross-exceptions. In that decision, the trial court relied upon on the proposed distribution of assets plan complied by the Divorce Master, considered party stipulations, new appraisal values, and adjusted for some of Wife's exceptions to create a chart of equitable distribution. *See* Trial Court Opinion, 3/6/2019, at 23-24. The trial court ultimately determined that "Wife shall receive 54.38% of the marital assets, and Husband shall receive 45.62% of the marital assets with adjustments for the present value of [] retirement assets." *Id.* at 60-61. Moreover, the trial court concluded:

> Wife will receive monthly payments from Husband of $2,247.90 in [alimony *pendente lite*] and then permanent alimony, effective January 1, 2019. Husband's income for alimony purposes will be capped at his highest earnings in any year during the marriage which was $437,671[.00].

*Id.* at 61. The trial court entered a divorce decree on May 8, 2019. These timely cross-appeals resulted.[2]

_____

[2] The docket reflects that, on May 30, 2019, the trial court clerk gave the parties written notice of the entry of the May 8, 2019 divorce decree as required under Pa.R.C.P. 236(b). The parties both subsequently filed timely notices of appeal on June 28, 2019. *See Verdile v. Verdile*, 536 A.2d 1364, 1366 (Pa. Super. 1988) (equitable distribution and alimony order is reviewable once rendered final by entry of a divorce decree); *see also In re L.M.,* 923 A.2d 505, 509 (Pa. Super. 2007) ("30–day appeal period is not triggered until the clerk makes a notation on the docket that notice of entry of the order has been given."); *see also* Pa.R.A.P. 108(b) (designating the date of entry of an appealable order as "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b).") Thereafter, both parties complied timely with the trial court's directives to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 8, 2019. The Rule 1925(a) opinion briefly addresses each of the specific issues raised by each party, but relies largely upon its prior March 6, 2019 decision.

Additionally, we note that the divorce complaint and the economic claims were assigned two separate trial court docket numbers. Each party filed notices of appeal listing both docket numbers at both. On August 8, 2019, this Court issued rules to show cause why the cross-appeals should not be quashed based upon our Supreme Court's decision in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases" pursuant to Pa.R.A.P. 341 and its note). On August 15, 2019, Husband filed a response. Wife filed a response on August 20, 2019. Both parties claimed that they filed notices of appeal listing both docket numbers at both trial court dockets. Husband also argued that in order to challenge the economic claims, the parties were statutorily required to appeal from both the divorce decree and the order granting equitable distribution and alimony. By *per curiam* order entered on October 4, 2019, this Court *sua sponte* consolidated the matters. On October 9, 2019, we entered an order discharging the rules to show cause. This Court held this matter pending the *en banc* resolution of *Commonwealth v. Johnson*, 2020 WL 3869723 at \*11 (Pa. Super. 2020), concerning the proper application of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) in light of *Commonwealth v. Creese*, 216

On appeal, Wife presents a single issue for our review:

Whether the [t]rial [c]ourt abused its discretion or otherwise erred in denying Wife's claim for counsel fees and costs?

Wife's Brief at 5.

Husband presents the following appellate issues:

A. Whether the trial court abused its discretion or committed an error of law by awarding Wife alimony in contravention of the alimony factors especially when alimony is a secondary remedy, and Wife's reasonable needs were satisfied as she had the ability to support herself due to her employment skills and the amount of assets she received in equitable distribution?

B. Whether the trial court abused its discretion or committed an error of law by awarding Wife alimony when Wife presented insufficient or no evidence of her expenses or need for alimony?

C. Whether the trial court abused its discretion or committed an error of law by awarding alimony under a local county policy to increase the number of alimony recipients in divorce cases?

D. Whether the trial court abused its discretion or committed an error of law by denying Husband's request for credits for his payment of certain debts and expenses?

E. Whether the trial court abused its discretion or committed an error of law by awarding Wife $27,143.70 from Husband's stock options in addition to the award of equitable distribution and alimony to Wife?

---

A.3d 1142 (Pa. Super. 2019) (reading **Walker** as a mandate to quash unless notices of appeal bearing only one trial court docket number are filed at each docket resolved by the order challenged on appeal). On July 9, 2020, the *en banc* panel in **Johnson** expressly overruled **Creese**, **supra** and held that as long as the appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence." **Johnson**, 2020 WL 3869723 at *11. Accordingly, we decline to quash the instant appeal.

F. Whether the trial court abused its discretion or committed an error of law by awarding a 54.38[%]/45.62[%] distribution of assets in favor of Wife when Wife would still receive economic justice with a lesser distribution?

G. Whether the trial court abused its discretion or committed an error of law by failing to reduce the value of certain marital assets or accounts used to pay expenses on various matters, including the mortgage on the marital residence, repairs to the farm property or payments to Wife after separation thereby resulting to a windfall to Wife?

Husband's Brief at 4-5.

Our standard of review is as follows:

The trial court has broad discretion in fashioning equitable distribution awards and we will overturn an award only for an abuse of that discretion. The Divorce Code states that the trial court

Shall ... equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties in such proportions and in such manner as the court deems just after considering all relevant factors ....

23 Pa.C.S.A. § 3502(a). In assessing the propriety of an equitable distribution scheme, our standard of review is whether the trial court, by misapplication of the law or failure to follow proper legal procedure, abused its discretion. Specifically, we measure the circumstances of the case, and the conclusions drawn by the trial court therefrom, against the provisions of 23 P.S. § 402(d) [now 23 Pa.C.S.A. § 3502(a)] and the avowed objectives of the Divorce Code, that is, to effectuate economic justice between the parties and insure a fair and just determination of their property rights. *Anzalone v. Anzalone*, 835 A.2d 773, 785 (Pa. Super. 2003) (citations omitted). "Moreover, the trial court has 'the authority to divide the award as the equities presented in the particular case may require.'" *Id.* (quoting *Drake v. Drake*, 725 A.2d 717, 727 (Pa. 1999)). Further, when a court divides the marital property, it must do so only after considering "all relevant factors," including eleven specific factors listed in the Divorce Code. 23 Pa.C.S.A. § 3502(a).

*       *       *

Our standard of review regarding questions pertaining to the award of alimony is whether the trial court abused its discretion. We previously have explained that "[t]he purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." Alimony "is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." Moreover, "[a]limony following a divorce is a *secondary remedy* and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill."

**Moran v. Moran**, 839 A.2d 1091, 1096–1097 (Pa. Super. 2003) (citations omitted) (emphasis in original).

In determining whether alimony is necessary, and in determining the nature, amount, duration and manner of payment of alimony, the court must consider numerous factors including the parties' earnings and earning capacities, income sources, mental and physical conditions, contributions to the earning power of the other, educations, standard of living during the marriage, the contribution of a spouse as homemaker and the duration of the marriage.

**Anderson v. Anderson**, 822 A.2d 824, 830–831 (Pa. Super. 2003) (citations omitted); **see also** 23 Pa.C.S.A. § 3701.

**Teodorski v. Teodorski**, 857 A.2d 194, 199–200 (Pa. Super. 2004).

Likewise, we review the denial of counsel fees in a divorce action for an abuse of discretion. **Gates v. Gates**, 933 A.2d 102, 109 (Pa. Super. 2007). We have stated:

The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action without being placed at a

> financial disadvantage; the parties must be "on par" with one another.
>
> Counsel fees are awarded based on the facts of each case after a review of all the relevant factors. These factors include the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution.
>
> Counsel fees are only to be awarded upon a showing of need. In essence, each party's financial considerations dictate whether such an award is appropriate.

*Id.* (citations omitted).

Here, with regard to equitable distribution, the trial court initially examined the parties' child and spousal support history from 2014 through 2018. It noted that Wife was a homemaker during the 20-year marriage and chronicled Husband's employment history and attendant salaries from 1994 until present. The trial court determined that Husband's career advancement would not "have been possible if Wife had not sacrificed her career to stay at home and raise [three] children." Trial Court Opinion, 3/6/2019, at 20. Relying upon the Divorce Master's examination of the eleven factors set forth at 23 Pa.C.S.A. § 3502, the trial court reviewed the parties' assets, including three shared properties, rental income, savings accounts, IRAs, pension plans, company stock, and personal property. *Id.* at 23-24. It further considered that during the pendency of the divorce action, the parties sold one of the marital properties and reappraised the marital residence. As a result, the trial court granted Husband a credit for a down payment for a new home. *Id.* at 22. The trial court ultimately concluded that Wife should receive 54.38% of

the marital estate and that Husband should receive a 45.62% share. *Id.* at 60-61.

With regard to alimony, the trial court first noted that the Divorce Master gave short shrift to the 17 factors set forth at 23 Pa.C.S.A. § 3701(b). *Id.* at 28. The trial court recognized that alimony is a secondary remedy and specifically addressed the 17 statutorily enumerated alimony factors. *Id.* at 28-40. The trial court determined that

> without alimony, Wife would not be fairly compensated for her financial contributions to the marriage. Without her contributions to the household and parenting, Husband would have never been able to [advance his position at] Verizon. Her contributions ultimately resulted in a sacrifice to her possible earning potential as a teacher.

*Id.* at 40. Thus, utilizing the 2019 support guidelines, the court calculated that Wife was entitled to $2,247.90 per month in permanent alimony.[3] *Id.*

_____

[3] The trial court also rejected Husband's argument that it imposed alimony under a local policy to increase the number of alimony recipients in divorce cases. *See* Trial Court Opinion, 8/8/2019, at 5. The trial court observed that Husband took the court's comments out of context. *Id.* Upon review, we agree. The trial court stated that, based upon the facts before it, it was inclined to award Wife alimony. N.T., 11/27/2017, at 60. In contemplating the amount, the trial court stated it was considering "a policy shift" because it recognized that "York [County] ha[d] not been granting alimony relative to what other counties ha[d] been doing for a while […] using formulas based upon the length of the marriage[.]" *Id.* The trial court further noted that Wife "probably would do a lot better in another county" and alimony awards "shouldn't be vastly different" between counties "for a 20-year marriage where [Wife] hasn't worked outside the home and where there's this kind of salary difference." *Id*. at 60-61. Husband has not cited any law, and our independent research has not revealed any, that a trial court cannot consider additional factors beyond 23 Pa.C.S.A. § 3701(b). Indeed, the statutory

Finally, the trial court determined that Wife would have sufficient assets post-distribution to satisfy her counsel fees. Thus, it denied relief on her request for $15,000.00 in attorney's fees and $500.00 for transcription costs. *Id.* at 41.

Based upon review of the certified record, the parties' appellate briefs, the trial court's opinions, and applicable law, we conclude that the trial court thoroughly and accurately addressed all of the issues raised by Husband and Wife and we discern no abuse of discretion in ruling on their claims. Consequently, we affirm on the basis of the trial court opinions issued on March 6, 2019 and August 8, 2019 and adopt them as our own. The parties are instructed to attach copies of those trial court opinions to all future filings regarding this appeal.

Finally, we note that Husband filed a motion to strike Wife's appellate reply brief. He claims that Wife asserted in her reply "she was no longer being employed as a school teacher" which is a fact outside of the certified record. Husband's Application to Strike Wife's Brief, 4/21/2020, at 2 ¶ e. As such, Husband argues we should strike Wife's reply brief in its entirety. By affirming the trial court's decisions, we have not considered facts outside of the record. Accordingly, we deny Husband's application to strike.

_____

language of Section 3701 does not limit the court's consideration to the 17 enumerated factors. Here, the trial court examined the 17 factors in determining Wife was entitled to alimony. Thereafter, the trial court looked at other surrounding counties for guidance on setting the amount. Ultimately, the trial court's determination was based upon reasoned assessment and consideration and we discern no abuse of discretion.

Order affirmed.  Husband's application for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/28/2020