J-S06004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARY E. PAWLOWICZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELI D. PAWLOWICZ | : | No. 718 WDA 2024 |

Appeal from the Order Entered May 13, 2024
In the Court of Common Pleas of Butler County
Civil Division at No(s): F.C. No. 2019-90290-D

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:            **FILED: March 3, 2025**

Mary E. Pawlowicz appeals from the order of the Court of Common Pleas of Butler County adopting the hearing officer's report and recommendation as an order of the court. Wife claims that the trial court erred in adopting the hearing officer's report and recommendation that precluded Wife from presenting certain evidence because of her failure to file a pretrial statement. After careful review, we affirm.

Mary E. Pawlowicz (Wife) and Eli D. Pawlowicz (Husband) were married for 27 years and have three children. Two of the children were emancipated prior to separation and Wife has sole custody of the third child.[1]

Wife initiated the instant divorce action on May 9, 2019. Both parties sought claims of equitable distribution, alimony, and costs and fees.

---

[1] As of the date of the hearing before the hearing officer the child was 16 years old.

On April 27, 2021, the trial court issued an order requiring the parties to file a pretrial statement before the pretrial conference. Subsequently, the hearing officer issued three scheduling recommendations, adopted by the trial court, continuing the hearing before the hearing officer. Each of these stated that both parties "shall comply" with Pennsylvania Rule of Civil Procedure 1920.33(b), which requires the parties to file and serve a pretrial statement before the hearing. Wife failed to file a pretrial statement through either of her two attorneys.[2]

The hearing before the hearing officer was held on November 10, 2022. The parties stipulated that the only marital property subject to equitable distribution were the marital residence and Husband's retirement assets. Because Wife failed to file a pretrial statement, the hearing officer precluded Wife from testifying and presenting evidence about the existence of any assets or liabilities not included in Husband's pretrial statements, the value of any assets or liabilities identified in Husband's pretrial statements, and her income and expenses.

On November 30, 2022, the hearing officer issued its report and recommendation. In its report, the hearing officer explained why it precluded Wife's above testimony for her failure to file a pretrial statement. The hearing officer took notice that Wife was unable to work and that her monthly net income was $1,298.00 from social security benefits. The marital property was

---

[2] Wife was represented by Attorney Victor Vouga until December 2021. Thereafter, and on appeal, Wife was represented by Attorney Nicole Thurner.

distributed by splitting Husband's retirement assets 50/50 and awarding Wife the marital residence with the obligation to refinance and pay Husband $45,000 upon refinancing. The hearing officer observed that it provided Wife an appropriate disproportionate equitable distribution. Also, the hearing officer rejected both parties claims for alimony and costs and fees. In particular, the hearing officer rejected Wife's alimony claim since Wife was prohibited from providing testimony regarding her income and expenses as a result of her failure to file a pretrial statement.

Wife filed exceptions to the hearing officer's report and recommendation which were argued before the trial court. On October 27, 2023, the trial court issued an order denying Wife's exceptions to the hearing officer's report and recommendation and requested the prothonotary to prepare the divorce decree which was later issued on November 15, 2023. Wife appealed from this order. We quashed the appeal because "there did not appear to be a final order as to equitable distribution." Order, 1404 WDA 2023 (*per curiam*) (citations omitted). Thereafter, on May 13, 2024, the trial court issued an order adopting the hearing officer's report and recommendation which disposed of all the claims. Wife appealed from this order. The trial court filed a 1925(a) opinion.

Wife raises the following issues on appeal:

1. The trial court erred and/or abused its discretion when it confirmed the Hearing Officer's ruling that [Wife] was barred from testifying regarding the existence of any assets or liabilities not included in any of [Husband's] Pretrial Statement.

2. The trial court erred and/or abused its discretion when it confirmed the Hearing Officer's ruling that [Wife] was barred from testifying to the value of any assets or liabilities included in [Husband's] Pretrial Statements.

3. The trial court erred and/or abused its discretion when it confirmed the Hearing Officer's ruling that [Wife] was not permitted to testify as to her income and expenses, other than permitting her to testify as to her award of social security disability income.

4. The trial court erred and/or abused its discretion when it confirmed the Hearing Officer's ruling that [Wife] was barred from entering any evidence regarding her expenses, counsel fees, costs, or expenses and thus did not address [Wife's] claim for permanent alimony, counsel fees, costs or expenses.

Appellant's Brief, at 22.

These issues all relate to the hearing officer limiting Wife's testimony and evidence because of her failure to file a pretrial statement, thus we will address them together.

Our review of an equitable distribution order is limited as such awards are within the sound discretion of the trial court[] and will not be disturbed absent an abuse of discretion. An abuse of discretion will be found by this Court only if the trial court failed to follow proper legal procedures or misapplied the law.

*Anderson v. Anderson*, 822 A.2d 824, 827 (Pa. Super. 2003) (citation omitted).

Wife argues that the underlying rationale for Rule 1920.33 "is to alert the parties to all the possible issues, to eliminate surprise, and to allow the [hearing officer] to effectuate the fairest possible distribution." Appellant's Brief, at 24 (citing *Anderson*, 822 A.2d at 832). She argues that based on the pleadings and discovery, Husband was aware of her claim for alimony and

thus would not be surprised by evidence related to her income for her to establish alimony. *See id.* at 26-29. Wife argues that precluding her testimony was a sanction that should only be imposed when the violation is willful, and the opposing party has been prejudiced. *See id.* at 29-30.

Rule 1920.33 sets forth the requirement of filing an inventory and pretrial statement. *See* Pa.R.C.P. 1920.33(a)-(b). If either one is not filed, "the court may make an appropriate order under Pa.R.C.P. No. 4019(c) governing sanctions." Pa.R.C.P. 1920.33(c). Alternatively, Rule 1920.33(d) provides:

> **(d)** (1) A party who fails to comply with a requirement of subdivision (b) may be barred from offering testimony or introducing evidence in support of or in opposition to claims for the matters omitted.
>
> (2) A party may be barred from offering testimony or introducing evidence that is inconsistent with or goes beyond the fair scope of the information set forth in the pre-trial statement.

Pa.R.C.P. 1920.33(d)(1)-(2).

We discern no abuse of discretion in the hearing officer limiting Wife's testimony and evidence. Wife is incorrect that precluding her evidence and testimony was a sanction. Sanctioning and limiting the presentation of evidence are two different remedies for when a party fails to file a pretrial statement. *See* Pa.R.C.P. 1920.33(c)-(d). Here, the hearing officer chose to address Wife's failure to file a pretrial statement by limiting her testimony and evidence. Rule 1920.33(d) clearly allows a hearing officer to limit the presentation of evidence in such a situation.

The hearing officer aptly summarized the relevant rule and how it was applied.

> Pa.R.C.P. 1920.33(b) establishes the rules regarding filing of a [pretrial statement]. Pa.R.C.P. 1920.33(d)(1) provides that a party who fails to comply with subsection (b) MAY be barred from offering testimony or introducing evidence to support or oppose claims for matters omitted. Further, subdivision (d)(2) provides that a party MAY be barred from offering testimony or evidence inconsistent with or that goes beyond the fair scope of the information contained in the [pretrial statement]. Taking the entirety of Pa.R.C.P. 1920.33 into consideration, the Hearing Officer permitted [Wife] to testify and to call [Husband] as of cross (neither required by her to be included in any [pretrial statement]). With respect to [Wife's] testimony, she was prohibited from testifying regarding the existence of any assets or liabilities not included in any of the three [pretrial statements] filed by [Husband]; she was prohibited from testifying as to value of any of the assets or liabilities included in any of the three [pretrial statements] filed by [Husband] and she was prohibited from testifying to her income and expenses other than she was permitted to testify that she received an award of social security disability income after which [Husband] agreed that [Wife] would provide copies of her benefit award information.

Trial Court Opinion, 8/6/24, at 2-3 (quoting Hearing Officer's Report and Recommendation, 11/30/22, at 9-10).

The hearing officer exercised permissible discretion in applying Rule 1920.33 to this case. Accordingly, the trial court did not abuse its discretion in adopting the hearing officer's report and recommendation. Therefore, Wife's issues lack merit, and we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/3/2025