534 A.2d 1101

**Albert E. LEESE, Appellee,**

v.

**Betty E. LEESE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1986.

Filed Dec. 7, 1987.

Allen H. Smith, Wrightsville, for appellant.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

PER CURIAM:

In this appeal from the entry of a bifurcated decree in divorce, the only issue raised by the wife-appellant is wheth-

er the trial court erred by refusing to set aside a divorce decree based on violations of the mandate of *Wolk v. Wolk,* 318 Pa.Super. 311, 464 A.2d 1359 (1983). Our review of the record discloses no violation; and, therefore, we affirm.

An action in divorce was filed by Albert E. Leese against Betty E. Leese on June 21, 1985. The alternative grounds cited for divorce in the complaint were that (1) the marriage was irretrievably broken under Section 201(d) of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 201(d) and (2) the wife-defendant had been guilty of indignities under Section 201(a)(6) of the Code, 23 P.S. § 201(a)(6). An affidavit was simultaneously filed which stated that the parties had been living separate and apart for more than three (3) years. The affidavit was not opposed on substantive grounds by wife-defendant, but she did file a petition for equitable distribution of marital property and for alimony, counsel fees, and costs. On April 14, 1986, upon motion of husband-plaintiff, the court entered a bifurcated decree in divorce which preserved wife-defendant's economic claims for further consideration. Betty Leese thereafter filed a timely petition to set aside or open the divorce decree, in which she alleged that she was 56 years of age, that her husband was 84 years of age, that the parties owned real estate jointly as tenants by the entireties, and that the court had erroneously granted a bifurcated divorce without a hearing. The trial court granted reconsideration, held an evidentiary hearing, concluded that a bifurcated divorce would not harm the wife or prejudice her economic claims, and reaffirmed the decree in divorce. Wife-defendant appealed.

 A trial court has discretion to sever economic claims from divorce claims. *Fenstermaker v. Fenstermaker,* 348 Pa.Super. 237, 249, 502 A.2d 185, 191 (1985). See: 23 P.S. § 401(b); [1] Pa.R.C.P. 1920.52(c). "Bifurcation separates the termination of the marriage from the distribution of property so that the marriage and each party's personal

1. Act of April 2, 1980, P.L. 63, No. 26, § 401, 23 P.S. § 401(b), effective July 1, 1980.

life are not held hostage to economic demands." *Wolk v. Wolk, supra,* 318 Pa.Superior Ct. at 315, 364 A.2d at 1361. A decision to bifurcate "should be made only after the disadvantages and advantages have been carefully explored and analyzed." *Id.,* 318 Pa.Superior Ct. at 317, 464 A.2d at 1362. Bifurcation, therefore, should not be granted pro forma. In the case sub judice, as the trial court recognized, the initial decree had been entered pro forma. When this irregularity was called to the court's attention via petition to open or vacate the decree, the court allowed reconsideration of its prior action and scheduled an evidentiary hearing. At that hearing, wife-defendant was present and stated her reasons for opposing a bifurcated decree. However, the trial court concluded that there were no disadvantages to bifurcation and reaffirmed its decree divorcing the parties.

Because a decision to bifurcate is discretionary with the trial court, a reviewing court will reverse only if there has been an abuse of discretion. *Mosier v. Mosier,* 359 Pa.Super. 187, 192, 518 A.2d 843, 845–846 (1986). See: *Katz v. Katz,* 356 Pa.Super. 461, 475, 514 A.2d 1374, 1381 (1986). An appellate court will defer to the discretion of the trial judge so long as he "assembles adequate information, thoughtfully studies this information, and then explains his decision.... In other words, this determination should be the result of a reflective examination of the individual facts of each case." *Wolk v. Wolk, supra.* The record in the instant case demonstrates that the trial judge made such a reflective examination. A hearing was held during which wife-defendant was permitted to identify any disadvantages which she perceived as a result of bifurcation. At that hearing, wife testified to the respective ages of the parties and to the extent of the marital property, which was limited to the jointly owned marital residence. The trial court stated:

Specifically, the Court has heard testimony that the parties have been separated since 1963. Further, the only property the parties own is a residence located on East King Street, York, York County, Pennsylvania,

which is titled in joint names. The plaintiff, Albert E. Leese, is presently age 84, having been born March 29, 1902. The defendant, Betty E. Leese, is age 56. The sole source of income for Albert E. Leese, the plaintiff, is Social Security benefits. The parties have one child, who is presently age 35.

Based on *Wolk v. Wolk*, [318 Pa.Super. 311], 464 A.2d 1359 (1983), the Court has considered the various factors and concludes that there is no harm done by the entry of the divorce decree.

Trial Court Opinion at pp. 2–3.

In *Taylor v. Taylor*, 349 Pa.Super. 423, 503 A.2d 439 (1986), this Court said:

[A]ppellant's interest in the marital property would not be altered by appellee's untimely death. In *Pastuszek*, [346 Pa.Super. 416, 499 A.2d 1069 (1985) ], this court specifically held that pending ancillary matters, following a divorce decree, survive the death of one of the parties. Therein we stated:

Once the [divorce] decree has been entered, the right of the spouse to the distribution of marital property and other economic claims where these matters have been properly put in issue before the death of the spouse, is vested. We do not perceive any conflict between this rule and the provisions of any statute dealing with the estates of decedents. By virtue of equitable distribution of marital property and the disposition of other economic claims, some property may become an asset of the decedent's estate and shall be treated by the personal representative as any other estate asset.

*Id.*, 349 Pa.Superior Ct. at 429, 503 A.2d at 442 (footnote omitted). See also: *Katz v. Katz, supra*, 356 Pa.Superior Ct. at 476, 514 A.2d at 1382.

Wife-defendant's belief that she will benefit financially by delaying a decree in divorce, i.e., that she will acquire a greater interest in the entireties real estate if her husband dies before a divorce decree is entered, is an inadequate reason for refusing to enter a bifurcated decree. A more

equitable result will be achieved if a bifurcated decree is entered which vests the rights of the parties to a distributive share of the marital property. Bifurcation will permit the parties to get on with their lives without holding the personal life of an 84 year old husband hostage to the economic claims of a younger, undivorced wife. The trial court took these factors into consideration and by so doing complied with the mandate of *Wolk v. Wolk, supra.* The bifurcated decree in divorce, therefore, will be affirmed.

Decree affirmed.

JOHNSON, J., concurs in the result.