603 A.2d 194

Christine SCHUBACK

v.

Michael SCHUBACK, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 3, 1991.

Filed Feb. 12, 1992.

234

Albert B. Mackarey, Scranton, for appellant.

Sandra A. Sernak, Scranton, for appellee.

Before WIEAND, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the decree of the Court of Common Pleas of Lackawanna County declaring appellant, Michael Schuback, and appellee, Christine Schuback, divorced, adopting the recommendation and report of the master and adopting as the property settlement the stipulation entered into by the parties. Appellant contends that (1) the divorce, based on the grounds of indignities, is invalid because appellee did not qualify as an innocent and injured spouse, and (2) the stipulation is not legally binding because he was under the influence of alcohol when it was created. For the following reasons, we affirm.

On April 18, 1989, appellee, Christine Schuback, filed a complaint in divorce pursuant to § 201(c) (mutual consent) and § 201(a)(6) (indignities) of the Divorce Code, 23 P.S. § 101 *et seq.*[1] Hearings were held before a master on April 2, June 1, and August 14, 1990. At the hearings, testimony was taken and the parties entered into a stipulation as to the equitable distribution of the marital property. At the conclusion of the hearings, the master filed a report in which he determined as a matter of law that the testimony at the hearings established a pattern of behavior evidencing settled hatred and estrangement sufficient to constitute indignities under § 201(a)(6) of the Divorce Code.[2] Appellant, Michael Schuback, filed exceptions to the master's report on November 30, 1990 on the grounds that the master was in error in determining distribution of marital property and in finding that a divorce based on indignities was warranted. The trial court denied the exceptions, adopted the master's report and the stipulation entered into by the parties, and decreed the parties divorced. This timely appeal followed.

The standard of review of a divorce decree is well-settled:
[I]t is the responsibility of this court to make a *de novo* evaluation of the record of the proceedings and to decide independently of the master and lower court whether a legal cause of action in divorce exists. The Master's recommendation, therefore, is advisory only. The exception to this general rule is that in determining issues of credibility the Master's findings must be given the fullest consideration for it was the Master who observed and heard the testimony and demeanor of various witnesses.

*Dukmen v. Dukmen,* 278 Pa.Super. 530, 534, 420 A.2d 667, 670 (1980) (citations omitted). *See Keller v. Keller,* 275

1. Title 23 Pa.S.A. § 101 *et seq.* has been repealed. The Divorce Code may now be found at 23 Pa.C.S.A. § 3101 *et seq.,* which applies retroactively to this case. *See* 23 Pa.C.S.A. § 3101 and the Historical and Statutory Notes following.

2. The master did not determine whether the requirements for a mutual consent divorce pursuant to § 201(c) of the Divorce Code were met.

Pa.Super. 573, 419 A.2d 49 (1979) (on appeal from divorce decree, this court must make an independent review of the record); *Boniewicz v. Boniewicz,* 266 Pa.Super. 210, 403 A.2d 999 (1979) (Superior Court must make independent review of the record to determine whether there exists a cause of action in divorce).

■ Section 3301(a)(6) of the Divorce Code states that where one spouse has offered indignities to the person of the innocent and injured spouse as to render that spouse's condition intolerable and life burdensome, then the court may grant the innocent and injured spouse a divorce. 23 Pa.C.S.A. § 3301(a)(6). Thus, there are two requirements for a divorce based on indignities: (1) the existence of indignities and (2) the direction of them to an innocent and injured spouse. Appellant does not refute the existence of indignities. Appellant contends, however, that the divorce based on the grounds of indignities is invalid because appellee had not proven the second requirement, that she was an innocent and injured spouse. Specifically, appellant argues that, at the hearings before the master, testimony was elicited from appellee and a Mr. Ziemba which indicated that appellee was engaged in an adulterous affair with Mr. Ziemba during her marriage to appellant. Such conduct, appellant argues, shows a course of conduct of hatred towards appellant and effectively precludes appellee from being considered an innocent and injured spouse. We disagree.

■ A party does not lose her status as an innocent and injured spouse merely because she is not wholly free from fault. *Beaver v. Beaver,* 313 Pa.Super. 512, 460 A.2d 305 (1983). *See also Bonawitz v. Bonawitz,* 246 Pa.Super. 257, 369 A.2d 1310 (1976). Even if the party moving for a divorce on the grounds of indignities engages in an adulterous affair, she may still maintain her status as an innocent and injured spouse if her adulterous conduct occurred after the right to a divorce on the grounds of indignities had accrued. *Gross v. Gross,* 281 Pa.Super. 45, 421 A.2d 1139 (1980). *See Ryave v. Ryave,* 249 Pa.Super. 78, 375 A.2d 766

(1977) (if adultery occurred after the right to a divorce accrued, then the adultery is not grounds to deny the divorce).

■ In the instant case, appellee testified that she and appellant began to live separate and apart in 1986 and that she began seeing a Mr. Ziemba in 1987. (N.T., 8/14/90, at 15, 20.) She testified, however, that no sexual relations occurred between herself and Mr. Ziemba until after she filed for a divorce in 1989. (*Id.* at 21.) When appellant called Mr. Ziemba to testify, his testimony fully supported appellee's and was unrebutted by appellant. The only other evidence of an adulterous affair offered by appellant was appellee's diary/date book for the periods of 1988 and 1989. In the book were cryptic notes inferring a relationship with Mr. Ziemba during this time. All of the aforementioned evidence indicates a relationship between appellee and Mr. Ziemba dating back as far as 1987. Yet the indignities committed against appellee, leading to the separation in 1986 and becoming the basis for the divorce, date back to 1978.[3] Therefore, even if we were to find that the evidence presented was sufficient to show that appellee and Mr. Ziemba were engaged in an adulterous affair, appellant's status as an innocent and injured spouse would not change because the right to a divorce on the grounds of indignities had already accrued. Accordingly, we find that both of the requirements for a divorce on the grounds of indignities have been met, and the divorce decree is valid.

3. At the hearing before the master, appellee testified that beginning in 1978, after the birth of their second child, appellant set out on a course of conduct which included frequenting taverns nightly, drinking excessively and arriving and leaving their home at all different times (N.T., 8/14/90, at 4–8); calling appellee obscene names and humiliating her in front of others (*Id.* at 11–14); showing no compassion towards her when she was physically ill and no interest in her or their children. (*Id.* at 10–12); and engaging in a clandestine relationship with another woman. (*Id.* at 18). Despite the serious ramifications of appellee's testimony, appellant did not rebut appellee's accusations. Most notably, appellant admitted his excessive drinking and verbal abuse throughout this period. (*Id.* at 43–44).

■ Appellant next contends that the the stipulation pertaining to equitable distribution of the marital property is not legally binding because he was under the influence of alcohol when he entered into the stipulation. This contention is waived.

Rule 1920.55 of the Rules of Civil Procedure states: (a) Within ten days after notice of the filing of the master's report has been mailed, exceptions may be filed by any party to the report or any part thereof, to ruling on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. *Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.*

*Id.* (emphasis added). Here, appellant had only filed exceptions pertaining to the master's authority to administer over the distribution of the marital property and to the grounds for the divorce, but did not allege that the stipulation into which the parties entered was not binding because he was under the influence. Furthermore, appellant did not request leave to amend his objections to include this contention prior to the entry of the final decree. Accordingly, we will not consider this contention for the first time on appeal. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).[4]

Decree affirmed.

JOHNSON, J., files a Concurring Statement.

4. We note that even if appellant had not waived this issue, it is completely meritless. A review of the notes of testimony reveal that the master had asked over thirty questions pertaining to whether the parties understood the stipulation and the its ramifications and that appellant had answered that he understood. Even though appellant answered in the affirmative when asked if he was under the influence of alcohol, when the master questioned him, appellant responded that he had had a few drinks the night before but none that day and that those drinks were not in any way affecting his judgment. (N.T.,

JOHNSON, Judge, concurring:

I concur in the result reached by the majority. I write separately to note that the sole issue preserved for review in this straight-forward, submitted case was whether the wife was an innocent and injured spouse. The majority correctly determined that wife's status as an injured and innocent spouse, once accrued, would allow the grant of a divorce decree based upon indignities. Hence, the necessity to address the specific allegations regarding wife's behavior, subsequent to the date that her status as an innocent and injured spouse accrued, is not present. Since I would affirm the decree issued by the trial court on March 12, 1991, I concur in the result.

6/1/90, at 18–19). Furthermore, the master noted no signs of intoxication. (*Id.* at 19).