646 A.2d 1184

ESTATE OF Mary H. PINKERTON, Appellee,

v.

Thomas D. PINKERTON, Appellant (Two Cases).

Superior Court of Pennsylvania.

Argued Feb. 9, 1994.

Filed Aug. 15, 1994.

John A. Snyder, State College, for appellant.

Denise M. Bierly–McDermott, State College, for appellee.

Before CAVANAUGH, WIEAND and SAYLOR, JJ.

WIEAND, Judge.

Thomas and Mary Pinkerton were married on December 12, 1965, and were separated in April, 1992. On June 22, 1992, Mary filed a complaint for divorce in which she alleged, inter alia, that Thomas had been guilty of a course of conduct constituting indignities to her person. In her complaint, Mary also requested alimony and an equitable distribution of marital property. After hearings on February 11, 1993, and March 1, 1993, at which neither party requested a determination of economic issues, the master filed a report on April 2, 1993, in which it was recommended that a divorce be granted on grounds of indignities to Mary's person. On April 13, 1993, Thomas filed exceptions to the master's report and recommendation. On April 14, 1993, Mary moved to dismiss the exceptions because they had been filed on the morning of the eleventh day. She was able to prevail upon the trial court to issue a rule returnable the following day in open court. At that time the court did not dismiss Thomas's exceptions but did require the parties to submit briefs on the merits of the exceptions within five days. On April 28, 1993, twelve days later, the trial court entered a decree in divorce.

■ On May 5, 1993, Thomas filed a notice of appeal from the trial court's April 28, 1993 order. On May 6, 1993, following a prolonged struggle with cancer, Mary died. The following day, May 7, Thomas filed motions for post-trial relief and for reconsideration of the April 28 decree. Also on May 7, Thomas withdrew his earlier notice of appeal. On May 10, 1993, Mary's estate filed a motion seeking clarification of the status of the parties' economic claims.[1] A hearing was held on the pending motions, at which the propriety of bifurcation was argued by counsel for both parties. On May 28, 1993, the trial court entered an order which, "in addition to and in clarification of" its April 28 decree, purported to bifurcate the proceedings nunc pro tunc and retain jurisdiction over the economic issues. On the same day, Thomas appealed from the April 28, 1993 divorce decree.

■ It is well settled that an action in divorce is personal to the parties, and upon the death of either party prior to a divorce decree, the action abates. *Drumheller v. Marcello,* 516 Pa. 428, 431, 532 A.2d 807, 808 (1987); *Geraghty v. Geraghty,* 411 Pa.Super. 53, 59, 600 A.2d 1261, 1264 (1991), *allocatur denied,* 532 Pa. 656, 615 A.2d 1312 (1992); *Haviland v. Haviland,* 333 Pa.Super. 162, 163, 481 A.2d 1355, 1356 (1984); *Hall v. Hall,* 333 Pa.Super. 483, 492, 482 A.2d 974, 979 (1984); *Matuszek v. Matuszek,* 160 Pa.Super. 526, 528, 52 A.2d 381, 381 (1947); *Upperman v. Upperman,* 119 Pa.Super. 341, 352, 181 A. 252, 256 (1935). Because a divorce action is abated by the death of one of the parties prior to the entry of a decree, economic claims are also abated by the death of one of the parties prior to the entry of a decree. *Geraghty v. Geraghty, supra* 411 Pa.Super. at 61, 600 A.2d at 1264; *Myers v. Myers,* 397 Pa.Super. 450, 452, 580 A.2d 384, 385 (1990); *Reese v. Reese,* 351 Pa.Super. 521, 526, 506 A.2d 471, 474 (1986); *Oswald v. Olds,* 342 Pa.Super. 495, 500, 493 A.2d 699, 701 (1985).[2] However, once a final divorce decree has been

1. By motion filed May 24, 1993, the parties' children, as co-executors of Mary's estate, were substituted as the plaintiff in the action.

2. Claims for counsel fees may, under certain circumstances, survive the abatement of the underlying divorce action. See: *McDonald v. Mc-*

entered, the right of a subsequently deceased spouse to the distribution of marital property and other economic claims, where these matters have been properly put in issue before the death of the spouse, is vested. *Leese v. Leese.* 369 Pa.Super. 104, 108, 534 A.2d 1101, 1102–1103 (1987); *Taylor v. Taylor,* 349 Pa.Super. 423, 429, 503 A.2d 439, 442 (1986); *Pastuszek v. Pastuszek,* 346 Pa.Super. 416, 426, 499 A.2d 1069, 1074 (1985). See also: 23 Pa.C.S. § 3323(d).[3]

When a divorce decree is entered, it is not final until after the appeal period has expired. *Laub v. Laub,* 351 Pa.Super. 110, 117, 505 A.2d 290, 294 (1986). This does not mean that a divorce action automatically abates if a party dies within thirty days after a decree has been entered. It does mean that the decree is fully reviewable and subject to possible reconsideration by the trial court or reversal by an appellate court. See: *Justice v. Justice,* 417 Pa.Super. 581, 586, 612 A.2d 1354, 1357 (1993); *Anderson v. Anderson,* 375 Pa.Super. 341, 346–348, 544 A.2d 501, 504–505 (1988).

In the instant case, appellant contends that the trial court abused its discretion by entering a bifurcated decree when neither party had requested it and without a hearing to determine whether a bifurcated decree was appropriate. The record reveals, however, that all parties and the court were aware that the appellee-wife was dying and that to refuse bifurcation would preclude the entry of a divorce decree and cause the action to abate. Under these circumstances, it cannot be said that the trial court abused its discretion by entering a bifurcated decree.

Appellant also contends that appellee failed to prove that he was guilty of a course of conduct constituting indigni-

*Donald,* 423 Pa.Super. 422, 621 A.2d 604 (1993), *allocatur denied,* 535 Pa. 675, 636 A.2d 634 (1993).

3. 23 Pa.C.S. § 3323(d) provides as follows:

(d) **Substitution for deceased party.**—If one of the parties dies after the decree of divorce has been entered, but prior to the final determination in such proceeding of the property rights and interests of the parties under this part, the personal representative of the deceased party shall be substituted as a party as provided by law and the action shall proceed.

ties to the person of his wife. His argument in this respect is that the trial court improperly rejected testimony that he was suffering from an obsessive compulsive personality disorder. The trial court found, however, that the disorder was insufficient to negate the settled hate and estrangement which was the basis for appellant's abusive conduct. The credibility and weight to be given to this evidence were for the trier of the facts. Unless the trial court's findings were arbitrary and capricious or unsupported by competent evidence, they may not be disturbed on appeal. See: *Schuback v. Schuback,* 412 Pa.Super. 233, 235, 603 A.2d 194, 195–196 (1992); *Lasko v. Lasko,* 311 Pa.Super. 210, 211, 457 A.2d 569, 570 (1983); *Dukmen v. Dukmen,* 278 Pa.Super. 530, 534, 420 A.2d 667, 670 (1980). Here, we find no basis for disturbing the trial court's findings.

Affirmed.