J-S54042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GLADYS ENDRES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ENDRES | : | |
| | : | |
| Appellant | : | No. 977 MDA 2020 |

Appeal from the Decree Entered June 26, 2020
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-1401-2016

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:           **FILED FEBRUARY 19, 2021**

Michael Endres ("Husband") appeals from the Order equitably distributing the marital assets of Husband and Gladys Endres ("Wife"), which was made final by the entry of the June 26, 2020, Divorce Decree.  We affirm.

Relevant to the instant appeal, Husband and Wife met in 1999, and Wife moved to Schuylkill County to live with Husband shortly thereafter.  Husband and Wife married on June 17, 2000.  Prior to meeting Wife, Husband had purchased a plot of land at 502 Moyers Station Road, Schuylkill Haven.  After Wife moved to Schuylkill County, Husband and Wife began to construct a home on the property (the "Marital Home"), which was finished a few months before the marriage.  Husband was, and remains, the sole party listed on the deed for the Marital Home.  During the marriage, the couple performed various improvements to the Marital Home, and Husband refinanced the mortgage encumbering the Marital Home on several occasions during the marriage,

including the current mortgage (the "M&T Loan"), and also executed several home equity lines of credit secured by the Marital Home.

Husband and Wife purchased several other plots of real estate, including a rental property located at 612 Moyers Station Road, Schuylkill Haven (the "Rental Property"), and a vacant plot of land located at 777 Route 183, Schuylkill Haven (the "Vacant Land"), which Husband and Wife continued to jointly own through the separation. Husband and Wife also purchased a property located at 39 N. 4th Street, Cressona (the "Cressona Property"), in September 2006, which they sold in June 2007. Further, Husband and Wife owned a variety of other marital assets, including vehicles and investment accounts.

On August 17, 2016, Wife filed a Complaint in divorce. In the years that followed, several hearings were held before a Master to determine the equitable distribution of assets. The Master issued a Report and Proposed Order on February 25, 2020. Husband filed timely Exceptions and an accompanying Amended Memorandum in support of his Exceptions. Wife filed a Memorandum opposing the Exceptions.

On June 26, 2020, the trial court issued a Decision equitably distributing Husband and Wife's assets and entered a Divorce Decree. The trial court's decision adopted some, but not all of the Master's proposed distribution. Relevant to the instant appeal, the trial court determined that Husband would receive the Marital Home, and would be responsible for paying the M&T Loan.

J-S54042-20

Wife would receive the Rental Property and the Vacant Land. Husband filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Husband raises the following question for our review:

Whether the [trial] court erred in its distribution of marital assets by failing to take into consideration funds derived from financing non-marital real estate transmuted to a marital asset merely by the value of the transmuted asset 50/50 when it would be more equitable for the [c]ourt to have given [Wife] the aforesaid assets?

Brief for Appellant at 21.

Husband asserts that the funds used to purchase the Vacant Land and the Rental Property derived from refinancing the Marital Home, as opposed to Wife's assertion that the funds used to purchase the properties derived from the sale of the Cressona Property. *Id.* at 26-27. According to Husband, because the properties were purchased using non-marital funds, *i.e.*, the proceeds from refinancing the Marital Home, it is unjust for Husband to "be strapped with 100% of the debt encumbering the aforesaid non-marital asset, but [Wife] would receive 100% of the benefit of the transmutation of the non-marital asset to the marital asset[.]" *Id.* at 28. Husband points to a lack of testimony establishing that the refinancing actually paid for the purchase of the properties, and requests relief in the form of a remand to the trial court, "in the interest of economic justice." *Id.*

We begin with the following standard of review:

We review a challenge to the trial court's equitable distribution scheme for an abuse of discretion. We do not lightly find an abuse

- 3 -

of discretion, which requires a showing of clear and convincing evidence. We will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. … If we fail to find an abuse of discretion, the order must stand. [I]t is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence.

*Conner v. Conner*, 217 A.3d 301, 309 (Pa. Super. 2019) (citations and quotation marks omitted).

We first must determine whether Husband's issue is preserved for our review. "[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." *See* Pa.R.A.P. 302(a). Likewise, Pa.R.C.P. 1920.55-2(b) addresses exceptions to master's reports, and requires that "[e]ach exception shall set forth a separate objection precisely and without discussion. *Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.*" Pa.R.C.P. 1920.55-2(b) (emphasis added); *see also Nagle v. Nagle*, 799 A.2d 812, 821 (Pa. Super. 2002) (concluding that an issue was waived when it was not included in exceptions to the master's report); *Schuback v. Schuback*, 603 A.2d 194, 197 (Pa. Super. 1992) (finding an issue to be waived and refusing to consider it for the first time on appeal because the husband failed to present the claim in his exceptions to the master's report).

In this case, Husband's Exceptions to the Master's Report state, in relevant part, the following: "The Special Master erred in failing to take into consideration in his equitable distribution calculations the M&T [L]oan or, in the alternative, failed to treat said M&T [L]oan as a marital debt." Husband's Exceptions, 3/23/20, at 1. In his Amended Memorandum in support of his Exceptions, Husband exclusively argued that the M&T Loan should be considered to be marital property, and argued the following:

> [T]he Special Master failed to apportion the M&T Loan as marital property in line with the equitable principles of the Divorce Code. The M&T Loan, while titled in [Husband]'s name only, is considered marital property because it was incurred during the marriage. However, the underlying collateral, consisting of property situated at 502 Moyers Station Road, Schuylkill Haven, is not. Given these facts, the Special Master should have apportioned the entire mortgage amount of $106,381.23 to [Husband] and reduced the value of the marital assets apportioned to [Husband] by this amount. Instead, the [M]aster has split the marital debt, obligating [Wife] to pay on a loan that is neither titled in her name nor secured by any collateral in which she has an interest, while burdening [Husband] with the risk of harm to his credit, dispossession of the [Marital Home], or increased financial burden of making the payments in their entirety if [Wife] fails to pay. This arrangement frustrates the intent of the Divorce Code to promote economic justice between the parties. Therefore, the M&T Loan should be apportioned to [Husband] in its entirety as a marital debt.

Husband's Amended Memorandum, 6/1/20, at 5-6.

In its Decision, the trial court agreed with Husband in this regard, and in its Order, the trial court awarded Husband all interest in the Marital Home, and also ordered Husband to assume the responsibility for paying the M&T Loan. *See* Decision, 6/26/20, at 6-7.

- 5 -

In Husband's Concise Statement, he argued, for the first time, the following:

> The [trial] court erred in its interpretation of [Husband]'s issue relating to the [M&T Loan[1]] in that said home equity line of credit was used to purchase other marital assets, some of which if not all were retained by [Wife] but [Husband] is required to pay 100% of the loan as a result of his retaining the real estate to which the loan is secured against.

Concise Statement, 8/13/20, at 1 (footnote added).

The record confirms that Husband failed to preserve his present claim of error, as Husband failed to properly raise, either in his Exceptions or his Amended Memorandum in support of his Exceptions, that the M&T Loan was used to purchase other marital assets. Consequently, this argument is waived, and we can grant Husband no relief on this claim. *See Schuback*, *supra*; *Nagle*, *supra*.[2]

Order affirmed.

_____

[1] Husband refers to the M&T Loan as a "M & T Home Equity line of credit." However, the only home equity line of credit that Husband and Wife introduced at the Master's hearings was an open-end mortgage/home equity line of credit, dated February 26, 2014, several years after the Vacant Land, Rental Property, and Cressona Property were purchased.

[2] We note that even if Husband had properly preserved his issue, the Master heard extensive, contradictory testimony from both Husband and Wife related to the funds used to purchase the Cressona Property, the Vacant Land, and the Rental Property, along with documentary evidence supplied by the parties related to the property purchases and refinancing of the Marital Home. *See* N.T., 9/3/19, at 64-65 (Wife's testimony); N.T., 10/1/19, 52-55 (Husband's testimony). Accordingly, the trial court properly exercised its discretion in fashioning an equitable distribution scheme as related to the ownership of the properties, and we would not disturb that discretion on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/19/2021