2023 PA Super 195

| | | |
|---|---|---|
| ISABEL SHELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY M. SHELL, | : | |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| PAUL LEE SHELL, DECEASED | : | |
| | : | |
| Appellant | : | No. 442 EDA 2023 |

Appeal from the Order Entered January 31, 2023
In the Court of Common Pleas of Northampton County Civil Division at
No(s): C-48-CV-2021-03268

BEFORE: BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.: **FILED OCTOBER 3, 2023**

Bradley M. Shell (Administrator), administrator of the estate of Paul Lee Shell (Decedent), appeals from the order entered in the Court of Common Pleas of Northampton County (trial court) discontinuing the divorce action filed by Isabel Shell (Wife). We affirm.

**I.**

Decedent and Wife married in 1988 and lived in Florida. Both had children from prior relationships but did not have any children together. In May 2019, the two separated and never lived together again after Husband was moved to a senior living facility in Pennsylvania. Two years later, Wife

---

[*] Retired Senior Judge assigned to the Superior Court.

filed a complaint in divorce under Section 3301(d) of the Divorce Code, 23 Pa.C.S. § 3301(d), alleging that the parties have lived separate and apart for at least one year and that the marriage was irretrievably broken.[1] Decedent never answered the complaint.

Wife also petitioned for special relief in relation to an investment account that she and Decedent opened in 2000. Wife was the account's sole "transfer on death" beneficiary until February 2020 when Decedent removed her as the beneficiary and named two of his sons (including Administrator) the beneficiaries. Asserting the account was a marital asset subject to equitable distribution, Wife requested that Administrator reinstate her as the beneficiary during the divorce proceedings, and that the account be neither liquidated nor distributed in any way during the proceedings except by order of the trial court. Upon agreement of the parties, the trial court directed that Wife be reinstated as the sole beneficiary until further order of the court.

On August 9, 2022, while the divorce action was pending, Decedent passed away, following which Administrator applied for and was granted letters of administration and substituted as a successor party. Wife meanwhile praeciped to withdraw the divorce complaint and discontinue the divorce action. Administrator responded by petitioning to set aside Wife's praecipe.

---

[1] Wife filed her complaint on May 13, 2021, but later amended it on June 24, 2021.

- 2 -

After an evidentiary hearing, the trial court issued its order and opinion discontinuing the divorce action. The trial court explained that the sole issue was whether the parties' economic rights and obligations arising from the marriage would be determined under the Divorce Code, 23 Pa.C.S. §§ 3101-3904, or whether the divorce action should be discontinued so that all property rights would be determined under the Probate, Estates and Fiduciary Code (PEF Code), 20 Pa.C.S. §§ 101-8815. *See* Trial Court Opinion (TCO), 1/31/23, at 2. As a result, the trial court noted that resolution was controlled by Sections 3323(d.1) and 3323(g)(3) of the Divorce Code:

> **(d.1) Death of a party.--**In the event one party dies during the course of divorce proceedings, no decree of divorce has been entered and grounds have been established as provided in subsection (g), the parties' economic rights and obligations arising under the marriage shall be determined under this part rather than under 20 Pa.C.S. (relating to decedents, estates and fiduciaries).
>
> * * *
>
> **(g) Grounds established.--**For purposes of subsections (c.1) and (d.1), grounds are established as follows:
>
> * * *
>
> (3) In the case of an action for divorce under section 3301(d), an affidavit has been filed and no counter-affidavit has been filed or, if a counter-affidavit has been filed denying the affidavit's averments, the court determines that the marriage is irretrievably broken and the parties have lived separate and apart for at least one year at the time of the filing of the affidavit.

23 Pa.C.S. § 3323.

- 3 -

Even though no party filed an affidavit under Section 3301(d), Administrator asserted that grounds were established when Wife filed for divorce and claimed that the marriage was irretrievably broken and that the parties had lived separate and apart for the required time. **See** TCO at 3-4. On this point, Administrator contended that the verification executed by Wife and attached to the complaint could be considered an "affidavit" because, as that term is defined in the Judicial Code, it was "an unsworn document containing statements of fact and a statement by the signatory that it is made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities)." **Id**. at 4 (citing 42 Pa.C.S. § 102). Thus, Administrator did not believe that the "affidavit" referred to in Section 3323(g)(3) did not have to be an affidavit under Section 3301(d). **Id**. at 5.

Finding this argument unpersuasive, the trial court first noted that Decedent's failure to answer the complaint did not result in its averments being considered admitted because averments in a divorce complaint are "deemed denied unless admitted by an answer" under Pennsylvania Rule of Civil Procedure 1920.14(a), Pa.R.Civ.P. 1920.14(a). **Id**. at 5-6. Because the averments were considered denied, the trial court held that the divorce action could not proceed until an affidavit was filed by a party. **Id**. at 6.

The trial court also found that Administrator's position was not supported by Section 3323(g)(3)'s statutory language because the "affidavit" referred to in Section 3323(g)(3) had to be in the format provided in

Pennsylvania Rule of Civil Procedure 1920.72, Pa.R.Civ.P. 1920.7. **See** TCO at 7-8. As there was no dispute that no such affidavit was ever filed, and there being no authority that alternative means for establishing grounds are available under Section 3323(g)(3), the trial court found that grounds were not established. **Id**. at 8.

Administrator filed this appeal to raise two issues. First, he reasserts that Wife's complaint and petition for special relief satisfied Section 3323(g)(3)'s affidavit requirement and that the trial court erred in concluding that an affidavit conforming to Rule 1920.72 must be filed before grounds for divorce can be established. Second, Administrator argues that Wife is estopped from denying grounds were established when, in order to obtain a favorable order, she asserted in her petition for special relief that "grounds here have been established for the divorce to proceed."

## II.

We first address whether Section 3323(g)(3) requires the filing of an affidavit under Section 3301(d) for establishing grounds for divorce. Administrator concedes no such affidavit was ever filed but nonetheless contends that an affidavit is not needed for establishing grounds under Section 3323(g)(3) because the statute does not define "affidavit" or require that the affidavit be in a particular form or comply with another statute or rule. In the absence of such instruction, Administrator urges this Court to look to the General Assembly's legislative intent in enacting Section 3323(g) in

- 5 -

preventing the inequity that can sometimes result from a divorce action automatically abating when a party dies. He asks us to find that Wife's complaint and petition for special relief sufficed as affidavits for establishing grounds under Section 3323(g)(3), as the verifications in those documents meet the definition for an "affidavit" provided in the Judicial Code, which, as noted, is an "unsworn document containing statements of fact and a statement by the signatory that it is made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities)." 42 Pa.C.S. § 102.

Because this issue is essentially one of statutory interpretation involving a question of law, our standard of review is *de novo* and our scope of review is plenary. ***See Turnpaugh Chiropractic Health and Wellness Ctr., P.C. v. Erie. Ins. Exch.***, 297 A.3d 404, 417 (Pa. Super. 2023) (citation omitted). We are thus mindful of the following:

> [t]he Statutory Construction Act directs that the object of all interpretation and construction of statutes is to ascertain and effectuate the legislature's intent. 1 Pa.C.S. § 1921(a); ***Chanceford Aviation Properties, LLP v. Chanceford Twp. Bd. of Supervisors***, 923 A.2d 1099, 1104 (Pa. 2007). Generally, the best indicator of legislative intent is the plain language of the statute. ***Walker v. Eleby***, 842 A.2d 389, 400 (Pa. 2004). In construing statutory language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]" 1 Pa.C.S. § 1903(a). When the words of a statute are clear and unambiguous, there is no need to look beyond the plain meaning of the statute "under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b); ***Commonwealth v. Conklin***, 897 A.2d 1168, 1175 (Pa. 2006). Only "[w]hen the words of the statute are not explicit" may a court resort to the rules of statutory construction, including those provided in 1

> Pa.C.S. § 1921(c). ***Chanceford***, 923 A.2d at 1104. A statute is ambiguous when there are at least two reasonable interpretations of the text under review ***See Delaware Cnty. v. First Union Corp.***, 992 A.2d 112, 118 (Pa. 2010). Moreover, "[s]tatutes *in pari materia* shall be construed together, if possible, as one statute." 1 Pa.C.S. § 1932. Finally, it is presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1).

***Turnpaugh***, 404 A.3d at 417-18 (internal citations altered; citation omitted).

In 1980, the General Assembly enacted the Divorce Code, which provided for the first time entry of no-fault divorces. Section 3301 of the Divorce Code outlines the various grounds for divorce, including irretrievable breakdown of the marriage under Section 3301(d).

> **(d) Irretrievable breakdown.**
>
> (1) The court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken and the defendant either:
>
> > (i) Does not deny the allegations set forth in the affidavit.
> >
> > (ii) Denies one or more of the allegations set forth in the affidavit but, after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken.

23 Pa.C.S. § 3301(d).

Not long after the Divorce Code was enacted, our Supreme Court promulgated new procedural rules to implement the Divorce Code. Among these included Pa.R.Civ.P. 1920.42, authorizing entry of a divorce decree under Sections 3301(c) and 3301(d) without further proceedings when the

parties have satisfied certain filing and notice requirements. Relevant here, subsection (c) of the rule sets out six requirements before a court may enter a divorce decree under Section 3301(d), including, among others, the filing of an affidavit and serving it on the other party along with a counter-affidavit.

**(c) Obtaining a divorce decree under Section 3301(d) of the Divorce Code.**

If a party has filed a complaint requesting a divorce on the ground of irretrievable breakdown and the requisite separation period has elapsed, the court shall enter a decree in divorce after:

(i) proof of service of the complaint has been filed;

(ii) a party has signed and filed an Affidavit under Section 3301(d) of the Divorce Code averring that the marriage is irretrievably broken and that the parties have been separate and apart for the required separation period;

(iii) the filed Affidavit and a blank Counter-Affidavit under Section 3301(d) of the Divorce Code have been served on the other party consistent with Pa.R.C.P. No. 1930.4, and the other party has admitted or failed to deny the averments in the Affidavit under Section 3301(d) of the Divorce Code;

(A) If a party files a Counter-Affidavit under Section 3301(d) of the Divorce Code denying an averment in the Affidavit under Section 3301(d) of the Divorce Code, including the date of separation, either party may present a motion requesting the court resolve the issue.

(B) After presentation of the motion in subdivision (A), the court may hear the testimony or, consistent with Pa.R.C.P. No. 1920.51(a)(1)(ii)(D), appoint a hearing officer to hear the testimony and to issue a report and recommendation.

*Note:* This subdivision requires service of the Counter-Affidavit on the nonmoving party consistent with original process since the averments in the moving party's Affidavit under § 3301(d) of the Divorce Code are deemed admitted unless denied. *See* Pa.R.C.P.

No. 1930.4 for service of original process and Pa.R.C.P. No. 1920.14(b) regarding failure to deny averments in the affidavit.

(iv) the ancillary claims under Pa.R.C.P. Nos. 1920.31 and 1920.33 have been withdrawn by the party raising the claims, have been resolved by agreement of the parties or order of court, have not been raised in the pleadings, or in the case of a bifurcated divorce, the court has retained jurisdiction of the ancillary claims;

(v) a minimum of 20 days from the date of service of the Affidavit and blank Counter-Affidavit under Section 3301(d) of the Divorce Code as set forth in (c)(1)(iii), the party requesting the divorce decree has served on the other party a Notice of Intention to File the Praecipe to Transmit Record, which included a copy of the proposed Praecipe to Transmit Record that indicated the date and manner of service of the Notice of Intention to File the Praecipe to Transmit Record, except that service of such Notice of Intention is not required if:

(A) the parties have signed and filed Waivers of Notice of Intention to File the Praecipe to Transmit Record; or

(B) the court finds that an attorney has not entered an appearance on the defendant's behalf and that the defendant cannot be located after a diligent search; and

(vi) the party requesting the divorce decree has completed and filed a Praecipe to Transmit Record. If the parties have not waived the Notice of Intention to File the Praecipe to Transmit Record, the moving party shall wait a minimum of 20 days after service of the Notice of Intention to File the Praecipe to Transmit Record before filing the Praecipe to Transmit Record.

Pa.R.Civ.P. 1920.42(c)(1)(i)-(vi).

Besides laying out the procedural requirements for a divorce under Section 3301(d), the General Assembly also provided the form of the complaint, affidavit and counter-affidavit for a divorce under Section 3301(c)

and Section 3301(d).  These are all provided in Rule 1920.72, with subsection

(d) of the rule prescribing the form for an affidavit under Section 3301(d).

> (d) The Affidavit under Section 3301(d) of the Divorce Code required by Pa.R.C.P. No. 1920.42(c)(1)(ii) shall be substantially in the following form:

**(Caption)**
**NOTICE**

If you wish to deny any of the statements set forth in this affidavit, you must file a counter-affidavit within 20 days after this affidavit has been served on you or the statements will be admitted.

**AFFIDAVIT UNDER SECTION 3301(d) OF THE DIVORCE CODE**

1. The parties to this action separated on <u>insert date</u>.

2. Check (a) or (b):

 (a) The date of separation was prior to December 5, 2016, and the parties have continued to live separate and apart for a period of at least two years.

☐ (b) The date of separation was on or after December 5, 2016, and the parties have continued to live separate and apart for a period of at least one year.

3. The marriage is irretrievably broken.

4. I understand that I may lose rights concerning alimony, division of property, lawyer's fees, costs and expenses, or other important rights if I do not claim them before a divorce is granted.

I verify that the statements made in this affidavit are true and correct.  I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date:_____
(PLAINTIFF) (DEFENDANT)

Pa.R.Civ.P. 1920.72(d).[2]

We turn next to what happens to a divorce action when one of the parties dies.

> Pennsylvania courts have long held that an action in divorce abates upon the death of either party. **Yelenic v. Clark**, 922 A.2d 935, 938 (Pa. Super. 2007) (citing, *inter alia*, **Estate of Pinkerton v. Pinkerton,** 646 A.2d 1184 (Pa. 1994)). The rationale for this principle is that an action in divorce is personal to the parties and upon the death of either party, the action necessarily dies. **Id**. The primary purpose of divorce is to change the relation of the parties; and, when the death of a party occurs, that purpose can no longer be achieved because the marital relationship has been ended by death. **Id**. (citing **Drumheller v. Marcello**, 532 A.2d 807, 808 (Pa. 1987).)
>
> In 2005, however, the Divorce Code was amended to provide an exception: a divorce action will not abate upon the death of a party, so long as the grounds for divorce have been established as provided in 23 Pa.C.S.A. § 3323(g) ("Grounds established."). **Id**.; **see also** 23 Pa.C.S.A. § 3323(d.1) ("Death of a party."). If the § 3323(g) grounds have been established, then, although no divorce decree will be granted posthumously, the parties' economic rights and obligations are determined under the Divorce Code rather than the elective share provision of the Probate Code. **See Yelenic**, 922 A.2d at 941-942; **see also Gerow v. Gerow**, 962 A.2d 1206 (2008).

**Berry v. Berry**, 197 A.3d 788, 802-03 (Pa. Super. 2018) (some citations altered).[3]

_____

[2] Rule 1920.72(e)(3) provides the form for the counter-affidavit required by Rule 1920.42(c)(1)(iii) and Rule 1920.42(c)(2)(i), the latter of which applies when the parties have complied with subsections (c)(1)(ii)-(iii) and cannot resolve their ancillary claims.

[3] In **Tosi v. Kizis**, 85 A.3d 585, 589-90 (Pa. Super. 2014), this Court held that Section 3323(d.1) was inapplicable when a surviving plaintiff voluntarily
*(Footnote Continued Next Page)*

As noted, when a party dies while a divorce action is pending, Section 3323(g) provides three avenues for establishing grounds, all of which correspond to the different subsections of Section 3301 for seeking divorce.

> **(g) Grounds established.--**For purposes of subsections (c.1) and (d.1), grounds are established as follows:
>
>    (1) In the case of an action for divorce under section 3301(a) or (b) (relating to grounds for divorce), the court adopts a report of the master or makes its own findings that grounds for divorce exist.
>
>    (2) In the case of an action for divorce under section 3301(c), both parties have filed affidavits of consent or, if the presumption in section 3301(c)(2) is established, one party has filed an affidavit of consent.
>
>    (3) In the case of an action for divorce under section 3301(d), an affidavit has been filed and no counter-affidavit has been filed or, if a counter-affidavit has been filed denying the affidavit's averments, the court determines that the marriage is irretrievably broken and the parties have lived separate and apart for at least one year at the time of the filing of the affidavit.

23 Pa.C.S. § 3323(g) (emphasis added).

After review, we cannot conclude that the General Assembly intended to dispense with all these procedural requirements for obtaining a divorce

---

discontinued divorce proceedings before a decree is entered but after grounds for divorce are established. Our decision in **Tosi** was superseded when our Supreme Court promulgated Rule of Civil Procedure 1920.17(d), Pa.R.Civ.P. 1920.17(d). Under that rule, when a party dies during divorce proceedings and grounds have been established but no decree has been issued, "neither the complaint nor economic claims can be withdrawn except by the consent of the surviving spouse and the personal representative of the decedent. If there is no agreement, the economic claims shall be determined pursuant to the Divorce Code." Pa.R.Civ.P. 1920.17(d).

decree under Section 3301(d) when it enacted Sections 3323(d.1) and 3323(g)(3) to allow for avoiding abatement of a divorce action when a party dies but grounds were established before the party's death. First, the plain language of Section 3323(g)(3) requires the filing of an affidavit under Section 3301(d). Section 3323(g)(3) states that grounds are established for a divorce under Section 3301(d) when "an affidavit has been filed." We cannot ignore this plain language under the guise of advancing the statute's intent when the General Assembly has made its intent clear: grounds under Section 3301(d) are not established unless "an affidavit has been filed," that is, an affidavit stating that the marriage is irretrievably broken and that the parties have lived separate and apart for at least one year at the time of the filing of the affidavit.

We also agree with the trial court that the "affidavit" contemplated in Section 3323(g)(3) must be in the form set forth under Rule 1920.72(d) and required by Rule 1920.42(c) in order to obtain a divorce decree under Section 3301(d), as no conflict exists between those rules and the statute. As this Court has explained, "[d]ivorce actions are to be in conformity with the procedural requirements imposed by the rules of civil procedure, as well as statutory law." **Reece v. Reece**, 66 A.3d 790, 793 (Pa. Super. 2013) (citations omitted). Indeed, as discussed below, our Supreme Court has recognized the General Assembly enacted Sections 3323(d.1) and 3323(g) to "ensure that where the parties have met the necessary requirements for the issuance of a divorce decree prior to a party's death, the death will not remove

the adjudication of economic claims from the divorce action." ***In re Estate of Easterday***, 209 A.3d 331, 340 (Pa. 2019).

As discussed, to obtain a divorce decree under Section 3301(d), Rule 1920.42(c) requires that the party seeking divorce (1) file "proof of service of the complaint"; (2) sign and file an affidavit under Section 3301(d); (3) serve the other party with the affidavit and a counter-affidavit; (4) resolve or withdraw any ancillary claims; (5) wait at least 20 days before serving a notice of intention to file the praecipe to transmit record; and (6) file the praecipe to transmit record. ***See*** Pa.R.Civ.P. 1920.42(c)(1)(i)-(vi). The note to Rule 1920.42(c) expressly references Rule 1920.72(d) for the affidavit under Section 3301(d). ***See*** Pa.R.Civ.P. 1920.42(c), note. Here, there can be no dispute that Decedent and Wife did not meet the requirements for obtaining a divorce decree under Rule 1920.42 before Decedent died, as the parties met only the first requirement of proof of service of the complaint being filed and none of the others. As a result, the parties did not meet the procedural requirements for obtaining a divorce under Section 3301(d) before Decedent's death.

Yet Administrator insists that compliance with the Rules of Civil Procedure is not necessary because Section 3323(g)(3) says nothing about the particular format for the affidavit or the parties needing to comply with any statute or a rule. Our Supreme Court rejected essentially this same argument a few years ago in ***Easterday***, holding that the General Assembly

did not intend to dispense with the procedural requirements for obtaining a divorce under Rule 1920.42 when it enacted Sections 3323(d.1) and 3323(g).

In **Easterday**, the husband bought a $250,000 life insurance policy and designated his wife the beneficiary. After the parties separated, wife filed for divorce under Section 3301(c), which permits the entry of a divorce decree when, among other things, the parties file affidavits consenting to the divorce. Both husband and wife signed and filed their affidavits, but husband's affidavit was not signed within 30 days of the filing as required by Rule 1920.42(b)(2), the procedural rule for obtaining a divorce under Section 3301(c). As a result, the prothonotary returned the affidavits as invalid, and the parties did not sign and file new affidavits before husband died.

After husband's death, wife withdrew the divorce action and applied for the life insurance proceeds. In response, Husband's estate petitioned for wife to return the proceeds. In support, the estate relied on Section 6111.2 of the PEF Code, 20 Pa.C.S. § 6111.2, which provides that when a life insurance policyholder dies during divorce proceedings, the designation of a spouse is ineffective if grounds for divorce have been established under Section 3323(g). Wife responded that Section 6111.2 was inapplicable because husband never filed a valid affidavit of consent. After both the orphans' court and this Court agreed with wife and held that Section 6111.2 was inapplicable, our Supreme Court granted allocatur to determine whether "the General Assembly intended to incorporate the thirty-day procedural requirement of

Pa.R.C.P. 1920.42, with regard to the filing of affidavits of consent in divorce actions, into 20 Pa.C.S. § 6111.2, where the language of that section is clear and unambiguous and does not contain such time limitation[.]" ***Easterday***, 209 A.3d at 338.

Concluding that the General Assembly intended to incorporate the 30-day requirement under Rule 1920.42, the Supreme Court first observed that, "[i]n practical effect, sections 3323(d.1) and (g) ensure that where the parties have met the necessary requirements for the issuance of a divorce decree prior to a party's death, the death will not remove the adjudication of economic claims from the divorce action." ***Id***. at 340. The Court found it "unsurprising" that Section 3323(g)(2)'s requirements were identical to those outlined in Section 3301(c), which defines the criteria for a mutual consent divorce. ***Id***. Indeed, the Court noted, Section 3323(g)(2) was essentially "no more than a restatement of section 3301(c), as both require that the parties have filed affidavits of consent." ***Id***.

Building off this, the Court also recognized that when the Divorce Code was enacted, it exercised its rulemaking authority by drafting new procedural rules for implementing the Divorce Code. ***Id***. at 341. Among these new rules was Rule 1920.42(b), "providing that affidavits of consent must be filed within thirty days of execution in order to trigger the procedure by which the court would enter a divorce decree by mutual consent without a hearing or further proceedings." ***Id***. Thus, by requiring the affidavits to be executed within 30

days of its filing, Rule 1920.42(b) ensured that the affiants' consent to the divorce reflected their current intentions. *Id*.

It next observed that in the decades after it promulgated Rule 1920.42(b), the General Assembly amended the Divorce Code on multiple times but never did so "in a manner that would either eliminate or in any respect alter this Court's inclusion of a timing requirement for the signing of an affidavit of consent (i.e., within thirty days of filing) to effectuate a no-fault divorce under section 3301(c)." *Id*. Since the General Assembly is presumed to be aware of existing law when enacting legislation, the Court presumed that the General Assembly was aware of Rule 1920.42(b)'s 30-day validity requirement when it enacted Section 3323(g)(2) requiring the filing of affidavits of consent to establish grounds for a mutual consent divorce. *Id*. The Court added that "[s]ection 3323(g)(2) is substantively identical to section 3301(c), with only minor discrepancies in phrasing, and, as discussed above, the aim of section 3323(g)(2) is virtually identical to the aim of section 3301(c) – to ascertain the certainty of the parties' present intent to divorce at the time of the death of a spouse – as reflected by the fact that both spouses have executed affidavits of consent within thirty days of their filing." *Id*. at 342.

The Court continued that it found it dispositive that "when enacting section 3323(g)(2), the General Assembly offered no indication that it intended to eliminate or alter Rule 1920.42(b)(2)'s thirty-day validity

requirement with respect to application of section 3323(d.1)'s instructions when a spouse dies during the course of divorce proceedings." *Id*. In fact, the Court added that the inclusion of no language "in section 3323(g)(2) to signal an end to the necessity of compliance with Rule 1920.42(b)(2), clearly reflect[ed] the General Assembly's intent that for purposes of application of section 3323(d.1) upon the death of a spouse, the decedent's affidavit of consent reflected a present consent to divorce at the time of his or her death." *Id*. It found that "Rule 1920.42(b)(2)'s validity requirement is equally important to the granting of a section 3301(c) mutual consent divorce and to the determination of economic rights and obligations under section 3323(d.1) when a spouse dies during the course of divorce proceedings, as both circumstances require the filing of affidavits of consent reflecting the present intentions of the parties to divorce." *Id*. Accordingly, the Court held that grounds were not established under Section 3323(g)(2) because the parties did not comply with the Court's long-standing timing requirement under Rule 1920.42(b)(2). *Id*.

While **Easterday** involved Section 3323(g)(2), we have no hesitation in applying its holding here to Section 3323(g)(3). As discussed, the husband's estate in **Easterday** asserted essentially the same argument that Administrator tries to make here: that compliance with Rule 1920.42 for obtaining a divorce decree is not required before a decedent's death for establishing grounds under Section 3323(g). Both rely on the same

reasoning—that the General Assembly's failure to specify in Section 3323(g) that compliance with other statutes or rules indicated the General Assembly's intent to dispense with such procedural formalities in the interest of avoiding automatic abatement of divorce actions and allowing surviving spouses to pursue equitable distribution through the Divorce Code. However, as our Supreme Court in **Easterday** explained, because Rule 1920.42 was promulgated over two decades before Sections 3323(d.1) and 3323(g) were enacted, we can presume the General Assembly was aware of Rule 1920.42's procedural requirements when it enacted those sections yet gave no indication that it intended to dispense with those requirements when a party to a divorce died. **See Easterday**, 209 at 342. Contrary to Administrator's position, our Supreme Court found that Section 3323(g)'s silence about compliance with any of the established procedural rules for obtaining a divorce weighed in favor of finding that the General Assembly did not intend to discard such rules upon the death of party.

This same reasoning applies here. When the General Assembly enacted Section 3323(g)(3), it was presumably aware of Rule 1920.42(c) and the several procedural prerequisites for obtaining a divorce under Section 3301(d). Among these requirements are not only filing proof of service of the complaint but also filing of an affidavit under Section 3301(d) and serving the other party with both the affidavit and a blank counter-affidavit. **See** Pa.R.Civ.P. 1920.42(c)(1)(i)-(iii). Indeed, these requirements correspond to

those that the General Assembly laid out in Section 3301(d), which permits divorce (1) where a complaint has been filed alleging that the marriage is irretrievably broken, (2) an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken, and (3) the defendant either does not deny the allegations in the affidavit or denies one or more of the allegations in the affidavit but, after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken. *See* 23 Pa.C.S. § 3301(d). Thus, like the *Easterday* Court found concerning Sections 3301(c) and 3323(g)(2), we find that Sections 3301(d) and 3323(g)(2) have not only substantially identical phrasing but also aims in ensuring that grounds for divorce are not established under Section 3301(d) until one of the parties has filed an affidavit with the required allegations and the other party either admits the allegations or, if the allegations are denied, the trial court determines that the parties have lived separate and apart for a period of at least one year and the marriage is irretrievably broken.

To sum up, we find no error in the trial court's finding that grounds were not established under Section 3323(g)(3) because no affidavit was ever filed. We further reject Administrator's argument that Wife's verification attached to the divorce complaint or the petition for special relief satisfied Section

3323(g)(3)'s requirement that an affidavit be filed. We find Administrator's first issue warrants no relief.

## III.

Administrator next argues that Wife is judicially estopped from now claiming that grounds were not established when, in order to obtain a favorable ruling on her petition for special relief, she stated that "grounds here have been established for the divorce to proceed." Petition for Special Relief, 5/21/21, ¶ 17 (R. 140a). He contends that Decedent relied on Wife's statement in agreeing to the trial court directing that Wife be reinstated as the sole beneficiary of the investment account during the divorce proceedings. Furthermore, Administrator contends that Wife asserted that grounds were established when it suited her for obtaining relief but has now reversed course and denied that grounds were established when it would benefit her to have the parties' property rights determined under the PEF Code.

> As this Court has explained concerning the doctrine of judicial estoppel:

> Our Supreme Court has held that as a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained. Accordingly, judicial estoppel is properly applied only if the court concludes the following: (1) that the appellant assumed an inconsistent position in an earlier action; *and* (2) that the appellant's contention was successfully maintained in that action.

***Black v. Labor Ready, Inc.,*** 995 A.2d 875, 878 (Pa. Super. 2010) (citations and quotation marks omitted). "The purpose of this doctrine is to uphold the integrity of the courts by preventing parties from abusing the judicial process

- 21 -

by changing positions as the moment requires." ***Bugosh v. Allen Refractories Co.,*** 932 A.2d 901, 912 (Pa. Super. 2007) (citation and quotation marks omitted).

After review, the record does not support Administrator's attempt to invoke the doctrine of judicial estoppel. First, while Wife's petition stated that "grounds here have been established for the divorce to proceed," the petition neither alleged that the marriage was irretrievably broken nor that the parties have lived separate and apart for the requisite period, both of which would need to be attested to in an affidavit or determined to be established by a trial court under Section 3323(g)(3).

Second, while Administrator contends that he relied on Wife's allegation in agreeing to the special relief, there is no record to support this claim, as Administrator does not point us to anything in the record showing that he agreed with or relied on Wife's statements in asserting that grounds for divorce under Section 3301(d) were established in assenting to her being reinstated as the investment account's sole beneficiary during the pendency of the divorce.

Finally, we find nothing in the trial court's order concerning Wife's request that would indicate grounds for judicial estoppel were established. Indeed, the order merely acknowledges that the "parties have agreed that the within matter is resolved" and directs that Decedent's sons be removed as the primary beneficiaries of the investment account and that Wife be reinstated

as sole beneficiary, adding that this "beneficiary designation shall remain in effect until further Order of Court." Order, 6/21/21 (R. 143a). The trial court made no determination concerning the state of the marriage, nor did it make any determination about grounds for divorce under Section 3301(d).

Instead, the court merely directed that Wife be reinstated as the account's sole beneficiary until further determination, hardly any kind of determination of whether the marriage was irretrievably broken or whether the parties have lived separate and apart for at least a year. Accordingly, we find no merit in Administrator's argument that Wife is now estopped from claiming that grounds for divorce were not established under Section 3323(g)(3).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/3/2023